May Term,
1825.

HELM
v.
VAN VLEET.

*⁀ ⁀*

*Thursday,*
*May 5.*

(2) *John v. Clayton*, ante, p. 54.

## HELM v. VAN VLEET.

If an administrator change the nature of the debt, originally due to the intestate, by a contract made with himself, he must sue for the new debt in his own name, and not in his representative character.

If the plaintiff declare on a promise made to himself, and take judgment in his own name, his styling himself administrator in the declaration may be considered as only a descriptio personæ.

A declaration was filed against two persons, and the writ executed on both. Neither of them appeared; and one only having been summoned ten days before the return day, judgment was taken by default against him alone. *Held,* that the proceeding was erroneous: the process having been served on both the defendants, judgment could not be taken against one alone. *Aliter,* had the process been executed on one only, and returned as to the other non est inventus.

May Term,
**1825.**

Helm
v.
Van Vleet.

*Saturday,*
*May 7.*

ERROR to the *Fayette* Circuit Court.—Debt. The declaration commenced as follows: *Abram Van Vleet*, administrator, &c. of *James Scott*, deceased, &c. complains of *Robert D. Helm* and *Samuel Helm*, &c. of a plea that they render to the said *Abram*, administrator as aforesaid, the sum, &c. The cause of action was a writing obligatory, by which the defendants below promised to pay *Abram Van Vleet*, administrator of the estate of *James Scott*, deceased, the sum of 130 dollars and 50 cents. The capias was returnable on the 14th of *March*, 1825, and appeared by the sheriff's return to have been executed on *S. Helm*, one of the defendants, on the 4th, and on the other on the 7th, of the same month. The defendant on whom the process had been served ten days before the return day being called, and failing to appear, the plaintiff took a judgment by default against him alone, for the amount of the debt in the declaration mentioned (1).

Scott, J.—This judgment is complained of on two grounds: first, because the plaintiff, in his declaration, styles himself administrator, and sets out a contract made with himself; and, secondly, because the capias was served on both defendants, and the judgment is against one only, no notice being taken of the other. The first point presents but little difficulty. If an administrator change the nature of a debt, originally due to the intestate, by a contract made with himself, he must sue for the new debt in his own name, and not in his representative character. 3 Bos. & Pull. 10.—1 T. R. 489.—7 T. R. 354. In this case, the plaintiff declares on a promise made to himself, and the judgment is in his own name. His styling himself administrator may be considered as only a descriptio personæ, and does not change the nature or effect of the action, or of the judgment (2). The second is a fatal objection. A judgment against one of two defendants, after service of the writ on both, cannot be sustained on any principle either of common law or of statute. In case

of a joint and several obligation, the obligee may proceed against the obligors, jointly or severally, at his election; but if he once elect to sue them jointly, he cannot, after service of process on both, take judgment against one only. Our statute provides, instead of the *English* process of outlawry, that where one of several defendants named is served with the writ, and the sheriff as to the others returns non est inventus, the plaintiff may take judgment against him on whom the writ was served. This is a statutory proceeding, and is authorized only in cases where the sheriff's return shows that the other defendant, named in the writ, was not found. There is no such return in the case before us. The return here shows that both were found, and that the writ was served on both. The judgment is therefore erroneous, and must be reversed. Vide 7 Cranch, 194.—1 Wash. 379.—4 East, 589.—1 Saund. 291, n. 4.—5 Bac. 165 (3).

*Per Curiam.*—The judgment is reversed, and the proceedings subsequent to the return of the writ are set aside, with costs. Cause remanded, &c.

*Smith*, for the plaintiff.

*Wick*, for the defendant.

(1) If the writ be executed, and the declaration filed, ten days before the first day of the term to which the writ is returnable, the suit stands for trial at that term. Stat. Dec. 1825, p. 51.

(2) Vide *Savage* v. *Meriam*, ante, p. 176, and note.

(3) Vide *Palmer* v. *Crosby*, ante, p. 139, and notes.