Blackford, J.
Pabody, as administrator de bonis non of the estate of Soper, brought an action of debt on a promissory note against Sheets, the maker.
The declaration is to the following effect: Ezra Pabody, administrator with the will annexed of the goods, &e., which were of Henry L. Soper, deceased, at the time of his death, left unadministered by William Clarh as surviving executor of the last will and testament of the said Henry L. Soper, deceased, but who renounced the execution thereof, &c., complains of John Sheets, &c.; for that whereas the defendant, heretofore, to wit, on, &o., at, &e., made his promissory note in writing, bearing date the day and year aforesaid, and thereby then and there promised to pay, four years after date, to the said William Clarh, surviving executor of the last will and testament of Henry L. Soper, deceased, the sum of $587, with interest thereon from the date payable annually, value received; and then and there delivered the said promissory note to the said William Clarh, as such surviving executor as aforesaid (the said Clarh then and there still being such surviving executor as *128 aforesaid, &c.); by means whereof the defendant then and there became liable to pay to the said William Clark, as such surviving executor as aforesaid, before his said renunciation of the *execution of the last will, &c., and since the said renunciation, and the plaintiff’s appointment as administrator as aforesaid, to the plaintiff as such administrator, the said sum of money, &c. Breach, that the defendant had not paid the money to Clark as the executor as aforesaid or otherwise, nor to the plaintiff, &c. Profert of the letters of administration, &e.
General demurrer to the. declaration and judgment for the plaintiff.
The declaration is objected to on the ground that it shows that the suit should have been brought by Clark, and not by the plaintiff. As the note described in the declaration was payable to Clark, executor of Soper, and is averred to have been delivered to the payee as such executor, we think it must be presumed, on a demurrer to the declaration, that the note was given for a debt due to the estate. Assuming the note to have been so given, the money when recovered would belong to the estate; and when that is the case, the executor may sue for it in his representative character. That point we have heretofore decided. In a suit by an administrator, the declaration contained two counts; one.for goods sold and delivered and money paid by the intestate, and for money had and received for the use of the intestate, with a promise to the intestate ; the other for goods sold and delivered and money paid by the plaintiff as administrator of the intestate, and for money had and received by the defendant for the use of the plaintiff as such administrator, with a promise to the plaintiff as administrator as aforesaid; and we held that there was no misjoinder. The ground of that decision is, that as the money claimed by the last count would, when recovered, be assets of the intestate’s estate, it was recoverable by the administrator in his representative character, and could of course be joined with the first eount. Lowe v. Bowman, Adm’r., November term, 1840.
There are, it is true, decisions to the contrary; one of which, *129 viz., Beits, Ex’or. v. Mitchell, 10 Mod., 316, is relied on by the defendant. We believe, however, that Lowe v. Bowman agrees with most of the modern authorities. In a recent case, in which it was held that counts on promises made to an intestate may be joined with counts on promissory notes given to the administrator as administrator, it is said that ^formerly the case in Modern (Betts, Ex’or. v. Mitchell) was an authority that such counts could not be joined, as being founded on distinct claims, the one in a personal, the other in a representative character; but that the latter cases, Cowell v. Watts, 6 East, 405, &c., say, whenever the money when recovered would be assets, counts in each character may be joined. Partridge v. Court, 5 Price, 412, affirmed in error, 7 Price, 591. The case of Catherwood et al. v. Chabaud, 1 B. & C., 150, is to the same effect. An excellent writer on the subject, having referred to the case last cited and others, relative to the right of an administrator to sue as such on promises made to him as administrator, says, “ The principle on which these cases were decided has not been settled without conflict. Several old cases may be found, in which it was considered that the contracts made with an executor or administrator were personal to him, and that he must sue for them in his own right, and not in his representative capacity; and particularly in the instance of negotiable instruments, it was conceived unti] very modern times, that if an executor took a bill or note from a debtor to the estate of his testator, a new debt was thereby created which must be declared on as such. Betts v. Mitchell, 10 Mod., 316; Hosier v. Ld. Arundel, 3 Bos. & Pull, 11, in the judgment of Chambre, J. However, the rule may now be regarded as firmly established by the more recent cases, that wherever the money recovered will be assets, the executor may sue for it and declare in his representative character. Cowell v. Watts, 6 East, 405; Thompson v. Stent, 1 Taunt., 322; Powley v. Newton, 6 Taunt., 453; Webster v. Spencer, 3 B. & Ald., 360; Partridge v. Court, 5 Price, 412.” 1 Will, on Ex’ors., 570.
We are entirely satisfied, therefore, that Clark, whilst he con *130 tinued to be executor of Soper’s estate, could have sued on the note in question in his representative character. If he could, who has the authority now to sue on it, after Ciarle has renounced the office of executor, and Pabody is appointed to take his place? It would seem that there can be no difficulty in answering that question. It must be Pabody, the administrator of the goods and chattels, rights and credits of Soper, which were left unadministered by Clark, the executor. This point is expressly decided in a case which we have already cited, and which is very similar to the one ^before us. The Chief Justice there states, that when the cause of action is such, that the first administrator may sue in his representative character, the right of action devolves upon the administrator de boms non of the intestate; and Bayley, Justice, in the same case says, that if the administrator dies intestate, without having sued upon such a promise, (ihat is, a promise to himself when the money when recovered would be assets) the administrator de bonis non may sustain an action upon it; for he succeeds to all the legal-rights which belonged to the administrator in his representative capacity. The other judges were of the same opinion. Catherwood et al. v. Chabaud, 1 B. & C., 150.
Jf. 6r. Bright, for the plaintiff.
TP. Isyle, for the defendant.
We consider, therefore, that this suit was rightly brought in the name of the administrator de bonis non, and that the demurrer to the declaration was correctly overruled.
Per Owi'iam.—The judgment is affirmed with five per cent. damages and costs.