HORATIO NEWHALL, Appellant, v. NANCY J. TURNEY, Administratrix of JOHN TURNEY, deceased, Appellee.

### APPEAL FROM JO DAVIESS.

A note given to A. B., administrator of the estate of C. D., may be sued by A. B. in his own name, without describing himself as administrator. The legal title to such a note, upon the death of A. B. passes to his legal representatives.

The powers of an administrator *de bonis non*, extend only to the recovery of such goods and chattels of the intestate as remain unadministered in specie, and to debts due the intestate which remain unpaid. But his authority does not extend to assets already administered.

An administrator *de bonis non* cannot call upon a former administrator, nor upon his personal representatives, to account for any part of the estate sold, converted, or wasted by him. The creditors or distributees of an estate may.

In an action to recover a demand accruing to an administrator after the death of the intestate, the defendant cannot set off a debt due to him from the intestate in his lifetime.

NANCY J. TURNEY, as administratrix of John Turney, deceased, brought her action against Newhall and another in debt, upon a note given to " John Turney, administrator of the estate of William Smith, deceased." To this declaration several pleas were filed. The third plea alleged, that the note sued on was delivered to said John Turney in his lifetime, as administrator of William Smith, deceased, in consideration of a sale and delivery of divers goods and chattels of the estate of William Smith, deceased, by said Turney as such administrator, to said Newhall, at a public sale, by said Turney, as such administrator of the goods and chattels of said estate of William Smith, deceased, and the said writing obligatory by said Newhall, with said Divine as his surety, was executed to Turney, &c., and that the note belonged to Smith's estate, and is part of the assets thereof; that long before the commencement of this suit, said John Turney departed this life, leaving a portion of the estate of Smith unadministered ; and that after the death of Turney, and before commencing this suit, one John E. Potts was duly appointed administrator *de bonis non* of said estate of Smith, who took upon himself the duties as such, &c.

The fourth and fifth pleas were pleas of set-off, alleging that Smith in his lifetime was, and that his estate remained, indebted to Newhall and Divine.

The sixth plea averred that the note was given to Turney, as administrator, at a public sale by him of the effects and assets of Smith; that it belongs to the assets of Smith; that Turney

died before the commencement of this suit; and that Nancy Turney has not at any time entered into bond to account for the estate of Smith, nor undertaken the final settlement of the same, &c.

To these pleas special demurrers were filed. At November term, 1852, of the Jo Daviess Circuit Court, the demurrers were sustained; to which decision exception was taken, and the defendant elected to abide by those pleas. Issue was taken on the general issue, and the cause was submitted to the court, SHELDON, Judge, presiding, and judgment was rendered for the plaintiff in the court below.

J. N. ARNOLD, for appellant.

HIGGINS & STROTHER, for appellee.

TREAT, C. J. The legal interest in the note was in John Turney. The promise was to him personally; the words "administrator of the estate of William Smith," being descriptive of the person merely. He might have maintained an action thereon in his own name, without describing himself as administrator. He was at liberty to treat the debt as due him in his individual right, and declare upon it accordingly. 1 Chitty's Pl. 23; Talmage v. Chapel, 16 Mass. 71; Biddle v. Wilkins, 1 Peters, 686; Barnes v. Modisett, 3 Blackf. 253; Lacompte v. Sergeant, 7 Missouri, 351. It would seem clearly to follow, that upon the death of the payee, the legal title to the note passed to his personal representative; and that the right of action is now in the administratrix, the plaintiff below, and can be enforced in her name. But this conclusion is denied. It is insisted by the third and sixth pleas, that the right to sue is in the administrator *de bonis non* of Smith; and that he alone can maintain an action on the note. The powers of an administrator *de bonis non* are well established. He is entitled to recover such of the goods and chattels of the intestate, as remain unadministered in specie; and such of the debts due to the intestate as remain unpaid. But his authority does not extend to assets already administered. So far as the estate has been administered by the first administrator, he is concluded. Bacon's Ab., Title Executor, B. 2; 1 Williams on Executors, 656; Potts v. Smith, 3 Rawle, 361; Hagthorp v. Hook's Administrators, 1 Gill & Johns. 270; Coleman v. McMurdo, 5 Randolph, 51; Thomas v. Hardwick, 1 Kelly, 78. He has no authority to call upon the former administrator, or, in case of his decease, on his personal representative, to account for any

part of the estate sold, converted, or wasted by him; but it must be done by the creditors or distributees of the estate. Rowan v. Kirkpatrick, ante, p. 1, and the cases there cited. In Drue v. Baylie, Freeman's Rep. 402, where an administrator made an underlease of the intestate's term of years, reserving rent to himself, and died, it was held, that his executor, and not the administrator de bonis non, could recover the rent. In Barker v. Talcot, 1 Vernon, 473, where an administrator received part of a debt due the intestate, and accepted a promissory note payable to himself for the residue, it was held, that the taking of the note was such an alteration of the property as vested it in the administrator; and that, on his death, it passed to his personal representative, and not to the administrator de bonis non of the first intestate. In Sloan v. Johnson, 14 Smedes & Marsh. 47, where an administrator placed a note belonging to the intestate in the hands of attorneys for collection, and they collected the same, it was decided, that the administrator de bonis non could not maintain an action against the attorneys for the money so collected. In Oglesby v. Gilmore, 5 Georgia, 56, where an administrator sold negroes under an order of court, and received the purchaser's note payable to himself as administrator, upon which he obtained judgment, and then his letters were revoked, it was held, that he, and not the administrator de bonis non, was entitled to the money collected on the judgment. The court said: "The sale of the negroes, in this case, by Oglesby, the first administrator, was an administration as to them; it was a change or alteration of the property; and, therefore, the administrator de bonis non can neither recover that property in specie from the purchaser, nor can he go upon the previous administrator for its proceeds." See also Harney v. Dutcher, 15 Missouri, 89. On the principle of these authorities, this action is clearly maintainable, and the pleas present no valid defence. The administrator sold the goods of the intestate, and received a promissory note for the price. The goods ceased to be the property of the estate, and the legal interest in the note was in the administrator. There was such a change in the property as to prevent the administrator de bonis non from reclaiming it; and he could not compel the personal representative of the first administrator to account for the proceeds. The latter being the legal holder of the note, and entitled to sue upon it, and recover the money, in his own name, the conclusion seems to be inevitable, that, on his decease, the legal title passed to his personal representative. But there are some cases which would authorize the administrator de bonis non to bring the action. In Catherwood v. Chaband, 1 Barn. & Cress. 150, an

administrator *de bonis non* was allowed to maintain an action on a bill of exchange, which had been indorsed generally, and delivered to the former administrator in payment of a debt due to the intestate; although it was intimated by the court, that the suit might have been brought in the name of the personal representative of the first administrator. The decision was put on the ground, that as the first administrator might have sued in his representative character, and as he died without suing in his own right, the administrator *de bonis non*, succeeding to the rights belonging to the first administrator in his representative capacity, could sustain the action. And upon the authority of that case, it was decided in Sheets *v.* Pabody, 6 Blackf. 120, that an administrator *de bonis non* could sue upon a promissory note, made payable to the former administrator. We hold that the action was properly brought in the name of the personal representative of the payee. There is no occasion to inquire whether it might not have been brought by the administrator *de bonis non.* This is not a controversy between him and the plaintiff. For aught that appears in the record, this suit may be prosecuted for the benefit of the administrator *de bonis non.* It makes no difference to the maker of the note which of them is permitted to bring the action. The plaintiff will, however, hold the proceeds of the recovery for the benefit of the estate of Smith; and the sureties on the administration bond of her intestate will be responsible for their proper application.

The fourth and fifth pleas seek to set off a debt due from the intestate. The law is well settled, that in an action to recover a demand accruing to an administrator after the death of the intestate, the defendant cannot set off a debt due from the intestate in his lifetime. Colby *v.* Colby, 2 New Hamp. 419; Mercien *v.* Smith, 2 Hill, 210; Crews *v.* Williams, 2 Bibb, 262. To allow this to be done, would interfere with the proper order of distribution. It would enable the debtor of an insolvent estate to obtain an unjust advantage. He might, in such case, purchase demands against the estate at a discount, and obtain credit for their full amount on a note given for property purchased at the administrator's sale. Such a course would be in express violation of the statute, which requires the assets of an insolvent estate to be distributed *pro rata* among the creditors.

The court properly sustained the demurrer to the pleas; and the judgment must be affirmed.

*Judgment affirmed.*