SPEELMAN and Others *v.* CULBERTSON.

The administrator of the legal holder of a note has the right to assign it.

So also, in a note payable to *A.*, as administrator of *B.*, the words "administrator," &c., may be regarded as *descriptio personæ*, and a valid transfer be made by *A.*

*A.* transferred a note to *B.*, by delivery, for a debt which was less than the amount of the note, and directed that the difference should be paid to his, *B's*, wife.

*Held*, that the equitable title to the note passed to *B.* by the transfer, and that he might sue upon it, without joining his wife as a plaintiff.

*Held*, also, that while it might be proper to render judgment against the equitable assignors, that they be barred of any claim upon the note, it is not essential, and such assignors would be barred without any formal judgment.

Nov. Term,
1860.

SPEELMAN
v.
CULBERTSON.

Thursday,
January 24.

APPEAL from the *Grant* Common Pleas.

WORDEN, J.—Suit by *Culbertson*, against the appellants, upon a promissory note made by *Speelman* and *Fox* to *Lewis Bocock* and *Francis Helm*, administrators of the estate of *John Bocock*, deceased. The payees transferred the note, by delivery, to the plaintiff. They were made parties, and a default taken against them. The makers answered; and on trial by the Court, there was a finding and judgment against them.

It is objected, that the administrators could not transfer the note. This is clearly a mistake. Had the note been payable to their intestate, they could have transferred it. *Thomas* v. *Reister*, 3 Ind. 369. It appears that the note was given for money, belonging to the estate of the deceased, lent by the payees to the makers thereof. It was given to *Bocock* and *Helm*, and the words " administrators, " &c., may be regarded merely as descriptive of the persons. *Helm* v. *Van Vleet*, 1 Blackf. 342 ; *id.* 176. Such being the case, they could, of course, make a valid transfer in their own right.

Again: it is urged that the evidence shows that the entire interest in the note was not transferred to the plaintiff. We think otherwise. To be sure, the debt for which the note was transferred to the plaintiff was not equal to the note, and the difference the plaintiff was to give to his wife, when collected (she being a daughter of one of the assignors); but this is no reason why the equitable title to the note should not be deemed to have vested in the plaintiff; nor is it any reason for joining her as plaintiff in the action.

It is also claimed, that there should have been some kind of a judgment rendered against the assignors of the note. It might, perhaps, be proper, in such cases, to enter a formal judgment, against equitable assignors, to the effect that they be barred from setting up any claim upon the paper transferred, against the makers ; but this seems to us to be wholly unnecessary. They are brought in merely to answer as to assignment; and if they make default, and if upon trial it is found that the assignment was made, and the plaintiff recover against the maker, such assignors would be

bound thereby, although no formal judgment was rendered against them.

We find no error in the record; hence, the judgment must be affirmed.

*Per Curiam.*—The judgment is affirmed, with costs, and 5 per cent. damages.

*A. Steele* and *H. D. Thompson*, for appellants.

*R. T. St. John*, for appellee.