Leach *v.* Lewis *et al.*

*J. H. Stotsenburg*, *T. M. Brown*, *J. G. Howard*, and *J. F. Read*, for appellant.

*G. V. Howk* and *W. W. Tuley*, for appellee.

---

## LEACH *v.* LEWIS ET AL.

PRACTICE.—*Answer.*—*Demurrer.*—Where the plaintiff demurs to several paragraphs of an answer, and his demurrer is overruled, and he abides by his demurrer and refuses to reply, the judgment will be affirmed on appeal, if either paragraph of the answer be sufficient.

Leach *v.* Lewis *et al.*

PROMISSORY NOTE.—*Executor.*—*Revocation of Letters.*—In an action by A., as executor of the estate of B., on a promissory note payable to A., describing him as executor, etc., an answer alleging that the notes belonged to the estate, and that his letters testamentary have been revoked, is good.

APPEAL from the Hendricks Circuit Court.

WORDEN, C. J.—This was an action by the appellant as "executor of the estate of Frederick Prebster, deceased," against the appellees, on the following promissory note.

"$60.25.                                                  APRIL 22d, 1870.

"Nine months after date, we, or either of us, promise to pay to Elias Leach, executor of the estate of Frederick Prebster, deceased, or order, the sum of sixty dollars and twenty-five cents, without any relief from valuation or appraisement laws.

[Signed:]                           "W. D. LEWIS,
                                    "BENJAMIN S. GRIFFITH."

The defendants answered in two paragraphs, to which demurrers were filed for the want of sufficient facts, etc. The demurrers were overruled, and the plaintiff declining to reply, judgment was rendered against him.     It is obvious that if either paragraph of answer was good the judgment must be affirmed, inasmuch as one valid ground of defence is as effectual as more.   The first paragraph of the answer alleges, in substance, that since the making of the note the will of Prebster has been set aside because of its undue execution, etc., and the plaintiff's letters testamentary revoked by the court of common pleas of said county of Hendricks; and that the note sued on is the property of the estate of said Prebster, and not the property of the plaintiff.

The appellant insists that the words "executor," etc., in the note, should be regarded merely as descriptive of his person, and that he should be allowed to maintain an action thereon in his own right.   Doubtless if the consideration of the note was such that the money due thereon would belong to the plaintiff in his own right, and not in his fiduciary capacity, he might maintain an action thereon personally,.

and the words indicated might be regarded as descriptive of the individual. *Speelman* v. *Culbertson*, 15 Ind. 441. But no such case is made by the pleadings.

The note being payable to the plaintiff in his fiduciary capacity, it is to be presumed, in the absence of any show-ing to the contrary, that the money was to be due him in that capacity, and not in his own individual right. Besides this, the answer avers that the note is the property of the estate.

The will being set aside and the plaintiff's letters testa-mentary being revoked, he has no right to bring an action on the note. The right of action *devolves upon* the admin-istrator *de bonis non* who has been or may be appointed. 2 G. & H. 488, sec. 16.

The answer in question was good, and no error was com-mitted in overruling the demurrer to it. This view renders it unnecessary that we should pursue the cause further and pass upon the validity of the second paragraph of the an-swer. The judgment must be affirmed whether the second paragraph be held good or bad.

The judment below is affirmed, with costs.

*C. C. Nave* and — *Nave*, for appellant.