### ADAMS ET AL. *v.* MARSTELLER, SURVIVING PARTNER.

PARTNERSHIP.—*Duties of Surviving Partner.*—*Appraisement, Inventory and Bond.*—*Decedents' Estates.*—*Receiver.*—The act of March 5th, 1877, Acts 1877, Reg. Sess., p. 137, requiring a surviving partner to file a bond, in addition to the making and filing of the inventory and appraisement alone required by the act of March 5th, 1859, 1 R. S. 1876, p. 641, does not apply to a surviving partner, who, prior to the later enactment, had complied with the requirements of the first.

From the Tippecanoe Circuit Court.

*B. W. Langdon*, for appellants.

*M. Jones* and *J. L. Miller*, for appellee.

HOWK, J.—This was a suit by the appellants, as the heirs at law of Andrew J. Morely, deceased, against the appellee, as the surviving partner of a firm composed of himself and

said decedent, at the time of the latter's death.    The appellee's demurrer to the appellants' complaint, for the alleged insufficiency of the facts therein to constitute a cause of action, was sustained. by the court, and to this ruling the appellants excepted; and, declining to amend or plead further, judgment was rendered against them for the appellee's costs.

The appellants have here assigned. as error, the decision of the circuit court in sustaining the appellee's demurrer to their complaint; in which complaint they. alleged, in substance, that said Andrew J. Morely died intestate, in Tippecanoe county, Indiana, on the 20th day of March, 1875, leaving the appellants surviving him as his only heirs at law; that, for several years before and on said last named day, the said Andrew J. Morely and the appellee were partners in business, as dealers in lumber, shingles, laths, etc., in the city of Lafayette, in said county; that the said Morely was the owner of over three-fifths of the capital and assets of said firm, and the appellee was the owner of the residue thereof, as the appellants were informed and believed; that, on the death of said Morely, the appellee took upon himself the duties and liabilities of such surviving partner of said firm, and, on the 1st day of April, 1875, filed in the office of the clerk of said court a schedule and appraisement of the property and assets of said firm, amounting to over twenty-one thousand dollars, the particulars of which would more fully appear by reference to said schedule and appraisement; that the appellee was, and had been since April 7th, 1875, the administrator of the estate of said Andrew J. Morely, deceased, and that the appellee had not filed his bond as such surviving partner of said firm, for the faithful performance of his trust, nor had he made any report to the court of his doings and proceedings in that behalf.    Wherefore the appellants prayed that a receiver might be appointed to take charge

of the assets of said firm of A. J. Morely & Co., who should proceed to settle the same according to the statute in such cases made and provided, and for other proper relief.

Upon the facts stated in said complaint, the question for our decision is this: Were the appellants entitled to the relief prayed for therein, or to any other relief?

We have no brief from the appellee's counsel in this court; and we are therefore dependent, for our information in regard to their objections to the sufficiency of the complaint, upon the brief of the appellants' attorney. At the time of the death of Andrew J. Morely as stated in said complaint, the only statute of this State in relation to surviving partners was an act entitled "An act to require surviving partners to file inventories and appraisements in the office of the clerk of the court of common pleas, and to report the liabilities of the firm," approved March 5th, 1859. 1 R. S. 1876, p. 641. It is fully admitted in the appellants' complaint, in this case, that the appellee, as the surviving partner of the firm of A. J. Morely & Co., had complied strictly with all the requirements of the above entitled act. This statute continued in full force until the 2d day of July, 1877, when another act upon the same subject, approved March 5th, 1877, became a law of this State. In the first three sections of this latter act, all the provisions of the act of March 5th, 1859, are substantially re-enacted; and, in section 9 of the later act, the first mentioned act is absolutely and expressly repealed.

In section 4 of the act of March 5th, 1877, it is provided that, "Upon the filing of the inventory, appraisement and list of liabilities, as in this act provided, such surviving partners or partners shall execute a bond, payable to the State of Indiana, in a sum double the amount of the interest of said decedent, as shown by said inventory, appraisement and list of liabilities on file, conditioned

for the faithful performance of his or their trust, signed by at least two good and sufficient freehold sureties, to be approved by the clerk of said court." Acts 1877, Reg. Sess., p. 137.

It is earnestly insisted by the appellants' counsel, that this provision of the statute is applicable to the case made by the complaint in this action; and because the appellee has not, as the surviving partner of said firm of A. J. Morely & Co., given bond as required in the above quoted provision, they claim that a receiver ought to have been appointed by the court to take charge of the assets of said firm, as prayed for in said complaint. In other words, it is claimed by the appellants' counsel, as we understand him, that the statutory provision, above quoted, is applicable to cases where the partner's death had occurred long before the enactment of that provision, and the surviving partner had fully complied with the requirements of the statute in force at the time. In the case at bar, more than two years had elapsed after the death of Morely, and after the appellee, as surviving partner, had fully complied with the statute in force at the time, before the act of March 5th, 1877, had become a law. It seems to us, there is nothing in that act, from which it can be reasonably inferred, that the Legislature intended to make its provisions and requirements applicable to cases occurring before the passage of said act. While this is so, we think it is evident, from the language of the act, that the provision of the statute, requiring a bond of the surviving partner, was intended by the law-making power to be applicable only to cases occurring after the act became a law. For, in said section 4 of said act, it is provided, that if the surviving partner " shall fail to file such bond within ten days after the filing of such inventory and appraisement, the judge of the court having probate jurisdiction shall appoint a receiver to take charge of the assets of such firm,"

etc. Where, as in this case, the inventory and appraisement, referred to, had been filed two years before the filing of such a bond was required by the statute, it seems to us that the construction of the act contended for by the appellants' counsel would require of the surviving partner the performance of an impossibility. Such a construction of the statute cannot be upheld.

We are of the opinion, that the court did not err in sustaining the demurrer to the complaint.

The judgment is affirmed, at the appellants' costs.