No. 9192.

## DAVIS v. NICHOLSON, TRUSTEE.

HIGHWAY.—*Obstruction.—Vacation.*—A public highway is not vacated by the temporary turning out of travel from the main track and the use of adjoining land temporarily to avoid an obstruction.

SAME.—*Penalty.—Obstruction by Felling Tree.*—Such temporary divergence will not excuse the felling of a tree across the obstructed main track, in violation of section 24, 1 R. S. 1876, p. 860 ; R. S. 1881, section 5082.

SUPREME COURT.—*Conflicting Evidence.— Verdict.—Preponderance.*—The Supreme Court will not disturb a verdict which is supported by some evidence, however great the preponderance may have been the other way.

From the Madison Circuit Court.

*C. L. Henry* and *W. L. Diven,* for appellant.

*W. R. Pierse* and *C. B. Gerard,* for appellee.

MORRIS, C.—This suit was commenced by the supervisor of road district No. 6, of Green township, Madison county, Indiana, in the name of the trustee of said township, against the appellant, before a justice of the peace, pursuant to section 24 of the act in relation to the election or appointment of supervisors, etc. 1 R. S. 1876, p. 860.

The complaint charges, that on the 26th day of January, 1880, and on each and every day from that day until the 12th day of February following, the appellant entered upon that portion of a public highway used for more than twenty years as such, running and passing through the northwest quarter of the southwest quarter of section 27, in said township, and then and there, during said time, unnecessarily and to the hindrance of passengers on said highway, obstructed said highway, so that travellers along and upon the same could not pass over and by said obstructions, by cutting down upon and across said highway, at the point named, trees, limbs and brush, and suffering the same to remain on said highway during the time aforesaid. The location of the highway is particularly and sufficiently described. The appellee demanded judgment for $85.

The cause was tried before the justice, who gave judgment for the appellant. The appellee appealed to the circuit court, where the cause was tried before a jury, who found for the appellee. The appellant moved for a new trial; the motion was overruled and the appellant excepted.

The error assigned is the overruling of the appellant's motion for a new trial.

The appellant insists that the verdict of the jury was not sustained by sufficient evidence; that the testimony failed to show that the highway had, as alleged in the complaint, been used by the public for twenty years; that there was no evidence fairly tending to prove that the appellant had obstructed the highway unnecessarily and to the hindrance of travellers upon it. The evidence is very conflicting and the weight of it may have been opposed to the verdict; but there was, we think, some testimony legally tending to support the verdict. That being the case, this court can not disturb the verdict, however great the preponderance of the evidence may have been the other way. *Hayden* v. *Cretcher*, 75 Ind. 108, and cases there cited.

Carlos Savage testified that he lived in Green township, Madison county, Indiana, and within a short distance of the road; that he had resided there since he was nine years old; that he was acquainted with the road in dispute, and that it runs through that part of section 27, in said township, alleged to have been obstructed, and between his land and that of John Remier and David Richards; that the width of the road is about thirty feet. He also stated that the road east of Davis' land had been changed by petition, as he supposed; that the new or changed part of the road varied from the old road for the distance of about thirty-five rods, and then came back into the old road and run west on the section line. He also testified that he had known the road for twenty-six or twenty-seven years; that a coffee-nut tree had been felled across the road on what was called the appellant's land, and also that two hickory trees had been cut across it; that there had been no changes in the road where the coffee-nut tree had fallen;

Davis v. Nicholson, Trustee.

that there was a mud hole at this point, and that a track had been made around it before the tree was cut, so that he could not say that it hindered public travel; that when the tree was felled it crossed this track, but that the butt of the tree was removed some time in the winter, so that the track around the mud hole could be used. It was proven that the appellant cut the coffee tree in the preceding December; that it crossed both the main road and side track, obstructing both for some days, and until a part of the tree was cut off and taken away. The jury might, as they doubtless did, reject the conclusion of the witness, and, from the facts, draw their own inference as to whether the tree across the road hindered the public travel or not. Josephus Brown testified that the road was obstructed, until within a few weeks of the commencement of the suit, by the coffee tree, when a track was then made around it; that he saw the appellant cut the tree. W. Jones testified that the road had been travelled for twenty-five years, and that it had not been changed at the point where the coffee-nut tree lay; that the public had to go around the tree.

All the testimony introduced by the appellee tended to show that the passengers had to go around the obstructions.

We think that the testimony introduced by the appellee, in the absence of any testimony on the part of the appellant, would support the verdict. In such case the verdict will not be disturbed by this court.

The appellant also insists that the court below erred in giving the following instruction, of its own motion, to the jury:

"The continued use of a road for twenty years by the public establishes the road as a highway, and the temporary turning out of the main road to avoid an obstruction or mud hole, and the use of the track around such obstruction—a mud hole— does not vacate or destroy the main road from being a public highway. You are the judges of the evidence and credibility of witnesses. You have the right to believe the witnesses you deem most worthy of credit, and to disbelieve those least worthy of credit."

The appellant complains of that part of the above instruction which tells the jury that "the temporary turning out of the main road to avoid an obstruction, or mud hole, will not operate as a vacation of the part of the highway occupied by the obstruction." We think the charge stated the law, upon the point under consideration, correctly. While the road was occupied by the obstruction it could not be used, not conveniently, at least. The use of the adjoining land temporarily, and until the obstruction could be removed, or the highway repaired, would afford no evidence at all of an intention and purpose on the part of the public to abandon the road. Were the law otherwise, it could readily be shown that most of the highways of the State have been abandoned. In view of the facts in this case, the instruction was proper, and, in this respect, it stated the law fairly.

The judgment below should be affirmed.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment below be affirmed, at the costs of the appellant.