No. 9664.

RATCLIFF ET AL. *v.* EVERMAN.

PROMISSORY NOTE.—*Administrator.*—*Parties.*—Upon a note payable to A., as administrator, he may sue in his individual capacity.

HARMLESS ERROR.—*Evidence.*—The improper admission of evidence favorable to the party objecting is not available error.

From the Howard Circuit Court.

*M. Bell, F. Cooper* and *W. C. Purdum,* for appellants.
*J. O'Brien* and *C. C. Shirley,* for appellee.

BICKNELL, C. C.—The appellee brought this action against the appellants upon a note payable to him as administrator of J. F. Everman. The defendants demurred for want of facts

sufficient, and for defect of parties plaintiffs, because Andrew Everman, as administrator, was not a plaintiff, and for defect of parties defendants, because said administrator was not a defendant. The demurrer was overruled. Issues were joined upon complaint, answer and reply, and upon a trial by the court there was a finding for the plaintiff. A motion by defendants for a new trial was overruled, judgment was rendered upon the finding and the defendants appealed. The errors assigned are:

1. Overruling the demurrer to the complaint.

2. Overruling the motion for a new trial.

3. Finding for the plaintiff and rendering judgment on the finding.

The third specification of error was not sufficiently specific. *Saunders* v. *Heaton*, 12 Ind. 20; *Schofield* v. *Jennings*, 68 Ind. 232; *Ray* v. *Detchon*, 79 Ind. 56. Upon a note payable to A. as administrator, he may sue in his individual capacity, or if the money sought to be recovered would be assets, he may sue in his representative capacity. *Savage* v. *Meriam*, 1 Blackf. 176; *Capp* v. *Gilman*, 2 Blackf. 45; *Sheets* v. *Pabody*, 6 Blackf. 120 (38 Am. Dec. 132); *Speelman* v. *Culbertson*, 15 Ind. 441; *Shepherd* v. *Evans*, 9 Ind. 260; Byles Bills, 43; 1 Williams Ex'rs, 629. There was no error in overruling the demurrer to the complaint.

The reasons for a new trial were: 1. The finding was not sustained by sufficient evidence. 2. The finding was contrary to law. 3. Error in admitting evidence of the rental value of the mill.

The answers were: 1. Failure of consideration. 2. That the note was given for mill property; that the payee represented to Seth Ratcliff, the principal in the note, that he was the administrator of J. F. Everman, and as such was authorized to sell the property; that, relying on such representation, said Ratcliff bought the property and gave said note in part payment therefor; that there was no other consideration for the note; that the payee was not such adminis-

trator, and had no right to sell the property; that afterwards he was appointed such administrator and took the property and sold it to another person. 3. That the note was given in part payment for mill property which the payee pretended to convey to said Seth Ratcliff, but had no right to convey it, and that afterwards he took possession of the property and conveyed it to another person, who is now in possession thereof. 4. That the plaintiff is not the real party in interest, and that the note belongs to the estate of John F. Everman, deceased.

The plaintiff replied in denial. It appeared in evidence, that on February 6th, 1877, John F. Everman died, and that on July 6th, 1877, the appellee was appointed his administrator; that the note in suit was dated December 25th, 1877; that John F. Everman and Joseph W. Gwin were partners in a saw mill and planing machine, standing on leased ground; that Gwin, as surviving partner, in settling up the partnership business, sold to Seth Ratcliff the interest in said property which had belonged to his deceased partner; that the note was part of the price given and was made payable to the appellee as administrator, the full amount thereof being due to the estate of said deceased from said partnership, after all the debts of the partnership were paid.

A surviving partner may make a *bona fide* transfer of any of the assets of the firm for the purpose of closing up its business. See the act of March 5th, 1859, 1 R. S. 1876, p. 641; the act of March 5th, 1877, Acts 1877, p. 136; *Adams* v. *Marsteller*, 70 Ind. 381.

It further appeared in evidence, that the appellee made his final settlement as administrator on December 3d, 1879, approved by the proper court, charging himself with $1,303$\frac{88}{100}$ as received from said surviving partner, and showing that he had paid all the debts of the deceased, and, in so doing, had expended of his own money $728$\frac{38}{100}$ besides the assets of the estate.

This suit was commenced in December, 1880. The evi-

Ratcliff *et al. v.* Everman.

dence tended to show that the plaintiff was entitled to a finding for the amount of the note, but it appeared that after Seth Ratcliff had been in the enjoyment of his purchase, as a co-partner of Gwin, from the last of December, 1877, until the 28th of July, 1878, Gwin fell sick and Ratcliff was obliged to conduct the business alone until the winter of 1878–9, when he quit the business and gave up the property. There was evidence that if Gwin, who had become paralyzed, could have kept on his feet, Ratcliff would not have given up the business; that he "considered it too big a burden for him, and that he could not superintend anything of that kind." There was also evidence of conversations between Ratcliff and the appellee as to how much Ratcliff, on going out of the business, should pay the appellee for the use he had enjoyed of the property, and in reference to this the evidence, objected to by the appellant, as to the rental value of the mill seems to have been admitted. If the surviving partner had ascertained that more than the amount of the note in suit would be due from the partnership to the administrator of the deceased partner, after payment of all the debts of the firm, there was no objection to making the note payable to the administrator with his consent, and he would then be entitled to recover its full amount.

The admission of the evidence objected to, the effect of which was largely to reduce the amount of the finding, can not be complained of by the appellant.

The finding was not contrary to law; there was evidence tending to sustain it; the motion for a new trial was properly overruled. The judgment ought to be affirmed. *Davis* v. *Nicholson*, 81 Ind. 183.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be, and it is hereby, in all things affirmed, at the costs of the appellants.