No. 9470.

## LUCAS v. LABERTUE.

CONVEYANCE.— *Mistake.*— *Correction.* — *Action to Quiet Title.* — *Demand.*— *Pleading.*—A grantor in a conveyance of land may have a mutual mistake in the description thereof corrected, in a suit to quiet title against the devisee of the grantee to a portion thereof not intended to be conveyed, and no demand for a correction of the mistake need be averred in the complaint.

STATUTE OF LIMITATIONS.—*Exceptions to.*—*Complaint.*—*Demurrer.*—A demurrer to a complaint ought not to be sustained on the ground that the complaint shows a case barred by the statute of limitations unless it also appears that the case does not come within any of the exceptions to the statute.

From the Monroe Circuit Court.

*J. H. Louden* and *R. W. Miers*, for appellant.

*J. W. Buskirk* and *H. C. Duncan*, for appellee.

BICKNELL, C. C.—This was a suit by the appellee against the appellant, to quiet the title to land. The complaint averred that the plaintiff and his wife, intending to convey to Thomas Lucas a piece of land thirty rods and sixteen links wide by twenty-six rods and three links long, by mistake made to him a warranty deed for a piece of land thirty-six rods and sixteen links wide by twenty-six rods and three links long, which included the land intended to be conveyed and a strip along the north end thereof six rods wide by twenty-six rods and three links long; that said Lucas, by mistake, accepted said deed as a conveyance of the land so intended to be conveyed, and immediately took possession of the land intended to be conveyed, and has since died, leaving the defendant his sole devisee; that, as such devisee, she claims to own said strip of land, so by mistake included in said deed, but which is still owned by the plaintiff. The prayer of the complaint is that the plaintiff's title to said strip of land be quieted, and that said deed be reformed.

The defendant's demurrer to the complaint for want of facts sufficient was overruled. The defendant answered by a gen-

eral denial.   The issue was tried by the court, who found for the plaintiff.   The defendant's motion for a new trial was overruled, and judgment was rendered quieting the plaintiff's title to said strip of land, and reforming the deed.   The defendant appealed.   She assigns as errors:

1. Overruling the demurrer to the complaint.

2. Overruling the motion for a new trial.

The first objection to the complaint urged by the appellant is that it contains no sufficient description of the alleged mistake; but it clearly appears that the mistake was conveying too much land.   A grantor may have a mistake in a deed corrected as well as a grantee.   *Andrews* v. *Andrews,* 12 Ind. 348.

The second objection is that the complaint fails to allege that the mistake was mutual; but the complaint does aver mistake in both parties, that the deed was made and accepted by mistake as a deed for the land intended to be conveyed. In such a case if the mistake were against the grantee he would have a right to reform the deed and secure the land contracted for.   *Figart* v. *Halderman,* 75 Ind. 564, 566.   The grantor has an equal right.   *Andrews* v. *Andrews, supra.*

The third objection is that the complaint fails to show that the defendant was requested to correct the mistake before suit brought; but no such demand is necessary where the action is to quiet title.

The fourth objection is that " the appellee has lost his right of action by negligence and inexcusable delay, the deed having been made in 1864, and the suit being commenced in 1880, after the death of the original purchaser."   This objection is not good on demurrer.   Unless it affirmatively appears that the case does not come within any of the exceptions to the statute of limitations, a demurrer to the complaint can not be sustained on the ground that the complaint shows a case barred by the statute.   *Kent* v. *Parks,* 67 Ind. 53.   As to the claim to quiet title this objection is not applicable.

The foregoing are the only objections urged against the complaint.   None of them are available.

The only reasons alleged in support of the motion for a new trial are that the finding was contrary to law and not sustained by sufficient evidence. There was evidence tending to sustain the verdict, and it can not be disturbed. *Davis v. Nicholson,* 81 Ind. 183.

The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and the same is hereby in all things affirmed, at the costs of appellant.