Parker *v.* Fay.

---

WINFIELD S. B. PARKER, administrator, &c.,

*v.*

EUGENE FAY et al.

[Filed November 21st, 1900.]

An administrator *de bonis non,* &c., may foreclose a mortgage in his own name, given to his predecessor, the executor of the owner thereof, and no other persons than those interested in the equity of redemption need be made parties defendant.

On demurrers to bill.

---

Parker *v.* Fay.

---

*Messrs. Parker & Van Gelder,* for the complainant.

*Mr. Thomas P. Fay,* for the defendants.

REED, V. C.

The complainant is the administrator *de bonis non* of Eliza Maria Lane. He files a bill to foreclose a mortgage given to Joseph Cooper, executor of Eliza Maria Lane.

Demurrer is filed to the bill upon the ground that the complainant, as administrator *de bonis non,* cannot bring suit to enforce the mortgage given to his predecessor as such, and that the creditors or next of kin of the intestate should be parties complainant, and if not proper parties complainant, should be made parties defendant to the suit.

There has been some contrariety of view in respect to the question to whom the right to collect a note or bond, made payable to an executor or administrator as such, and remaining uncollected at the time of the death of such executor or administrator, passes; whether to the administrator or executor of such deceased executor or administrator, or to the executor *de bonis non* of the original testator or intestate.

The latest English case bearing upon this subject is that of *Catherwood* v. *Chabaud, 1 Barn. & C. 149.* In that case an administrator *de bonis non* had brought an action upon a bill of exchange, which had been endorsed jointly and delivered to an antecedent administrator of the testator for a debt due the intestate. It was held that the administrator *de bonis non* had the right to sue. In giving judgment, Chief-Justice Abbott (afterward Lord Tendenton) said: "It has been decided in a variety of modern cases that an administrator may sue as such upon the promise made to him in his representative character; and that principle governs my opinion in the present case; for, where the cause of action is such that the representative may sue in his representative character, the right of action devolves upon the administrator *de bonis non* of the intestate."

Mr. Justice Best remarked, "It is not necessary to decide that the administrator of the preceding administrator could not have sued; it is sufficient to say that the administrator *de bonis non*

might sue, and this observation may serve to reconcile the various cases which have been referred to;" and Chief-Justice Abbott remarked: "There is much weight in the distinction which has been taken by my brother Best. There may be cases where the administrator of an administrator might and ought to sue, viz., if the first administrator had made himself debtor to the intestate's estate for the amount of a debt due to that estate."

This statement of the doctrine in respect to the relative rights of administrators of an administrator on the one hand, and of an administrator *de bonis non* on the other, has never, so far as I know, since been disturbed in the English courts.

In the case of *Williams* v. *Collins, 1 B. Mon. 58,* Chief-Justice Robinson, citing *Catherwood* v. *Chebaud* and other English cases, says: "The rational doctrine recognized by a majority of modern adjudications seems to be this—that notes of an administrator as such, may, if uncollected or undisposed of by him in his lifetime, become assets in the hands either of his own personal representative or of the administrator *de bonis non* of his estate, the one or the other, should there be collision between their claims, being entitled to preference, according to the proper result of the inquiry, whether the first administrator had become beneficially entitled to the notes as a creditor, in consequence of advances or otherwise, or by having charged himself or been charged with the amount of them."

This rule is restated in *Maraman* v. *Trunnel, 3 Metc. (Ky.) 146.*

In the case of *Newhall* v. *Turney, 14 Ill. 338,* it was held that an administrator of an administrator could sue on a note given to the preceding administrator, as administrator. It was, however, remarked that "We hold that the action was properly brought in the name of the personal representative of the payee; there is no occasion to inquire whether it might not have been brought by the administrator *de bonis non.*" In *Sheets* v. *Pabody, 6 Blackf. 120,* it was held that an administrator *de bonis non* could sue upon a promissory note made payable to the former administrator.

This duality of right of action flows from the duality of character of an administrator or executor, with whom the contract

is made as such. The rule is entirely settled that, as to contracts made with his intestate or testator, whether broken during the lifetime of the intestate or testator or thereafter, his personal representative must sue in his representative character. In respect, however, to contracts made with him as executor or administrator, he has the privilege of suing in his individual right or in his representative capacity. *Myers* v. *Weger, 33 Vr. 432.* His right to sue in his individual character would, upon his death, pass his interest to his own administrator, while his right to sue in his representative character, being predicated upon the fact that the asset recovered would belong to the estate, would confer upon the administrator *de bonis non* a right of action.

In *Hemphill* v. *Hamilton, 6 Eng. Ark. 425,* the English doctrine in respect to the right of an executor or administrator was reviewed, and it was said: "The case of *Bull* v. *Palmer, 2 Lev. 165,* in which it was held that where an executor or administrator makes a contract, in which the money when collected would be assets in his hands, he may elect to sue in his representative right, was reaffirmed and established upon a more permanent and enlarged basis, and the rule is equally well settled that where the cause of action is such that the first administrator may sue in his representative character, the right of action survives to the administrator *de bonis non,"* citing *1 Wms. Ex. 631,* and *Catherwood* v. *Chebaud, supra.*

It had long before been held by the supreme judicial court of Massachusetts in the case of *Solomon* v. *Holker, 15 Mass. 374,* that in an action by an administrator *de bonis non,* the promise might be laid to have been made to the first administrator, citing the case of *Hirst, Administrator de bonis non,* v. *Smith, 7 Durnf. & E. 182.*

It is quite clear in the present case that the deceased executor, to whom the mortgage was made, could have prosecuted the bond and mortgage in his representative capacity as well as in his personal character; that in the former capacity the debt due would have become assets of the estate of which he was the representative. Therefore it follows from the rule established by the cases already cited that a right to sue resides in the ad-

ministrator *de bonis non.* None other need be made a party complainant, and none but those interested in the equity of redemption need be made parties defendant.

The demurrer is overruled.