THOMAS HANIFAN

*v.*

HENRY M. NEEDLES.

*Filed at Mt. Vernon January 22, 1884.*

1. ADMINISTRATION OF ESTATES—*administrator de bonis non—of his powers, generally.* It is a rule of the common law that the powers and the duties of an administrator *de bonis non* are limited to the administration of such property belonging to the decedent's estate as has not already been administered upon by the former executor or administrator.

2. SAME—*what is an administering on property.* The conversion of the property of an estate into money by the executor or administrator, is an administering upon such property, within the meaning of the foregoing rule.

3. SAME—*when administrator de bonis non may sue his predecessor.* An administrator *de bonis non*, appointed to fill a vacancy caused by the removal of an executor or administrator, may maintain any appropriate action or proceeding against such removed executor or administrator for any waste, mismanagement or breach of duty in respect to the estate during the administration of the latter, but not so where the vacancy was caused by death. In such case the heirs, devisees or creditors alone can maintain the action.

4. SAME—*revocation of letters—power of the county court—and of the proper citation for that purpose.* Under section 30, chapter 3, of the Revised Statutes, relating to the administration of estates, the county court has no power or jurisdiction to revoke the letters of an executor or administrator until he is first cited to appear and show cause why they should not be revoked.

5. On a citation to an executor, requiring him to appear on the first day of the next term of the county court "and present his account of said estate for settlement," in which there is no intimation that he is charged with waste or mismanagement, etc., the county court has no jurisdiction to revoke his letters testamentary.

6. On a citation, under section 113, of chapter 3, of the Revised Statutes, to an executor, to appear and settle his accounts, the county court has no power to remove him in any case. The power of removal is not incident to the proceeding under such a citation. On refusal to make settlement the next step is an attachment for a contempt of court, and when brought before the court for contempt, if he still refuses, then only is the court authorized to remove him under that section.

7. The record of an attempted removal of an executor by the county court, after entitling the case, was as follows: "And now, on the first Mon-

day of the term, it appearing to the court that J. S., the executor, was duly cited to appear this day in court and present his accounts of said estate for settlement, as said executor, and it further appearing to the court that said executor has failed to file an inventory and appraisement of said estate, and has failed to file settlements" and to account for moneys that came into his hands, and "has failed to appear this day and make settlement of his accounts," for the causes aforesaid he is hereby removed, etc: *Held*, that the court, from such recital, the citation being lost, had no jurisdiction of either the person or of the subject matter, for the purpose of revoking the letters testamentary, and that the order was a nullity.

APPEAL from the Appellate Court for the Fourth District; —heard in that court on appeal from the Circuit Court of St. Clair county; the Hon. AMOS WATTS, Judge, presiding.

Messrs. G. & G. A. KOERNER, for the appellant:

There is no dispute as to the jurisdiction of the county court of the person of the executor when the order of removal was made. The only question then is, was there jurisdiction of the subject matter?

Section 51 of the statute relating to administration required the executor to file an inventory within three months after the date of his letters,. and section 111 required him to exhibit an account of his administration at the first term of the county court after the expiration of one year from the date of his letters, and in like manner every twelve months thereafter, or sooner, if required, until the estate was fully settled.

Power to remove executors and administrators is given by statute. Secs. 26, 30, 31, 32, 113, and others.

The county court may revoke letters for the following causes, besides others not necessary now to consider: "When executors waste or mismanage the estate." (Sec. 30.) "When he fails to make settlement after being cited." Sec. 113.

In this case the executor had filed no inventory, no appraisement, had failed to account for moneys in his hands belonging to the estate, and had failed to make an account

when cited for that purpose. He was therefore guilty of
"wasting and mismanaging" the estate, and, under section
30, his removal was proper.

It is objected that the executor should have been attached
before making the order of removal. The purpose of an
attachment is to enable the court to enforce its orders more
effectually, by fine or imprisonment. The executor can not
complain that he is now severely dealt with, nor deny the
validity of the entire action of the court because it did take
this extreme measure. The manner of exercising the power
of removal can not be questioned in this collateral proceeding.
*Young* v. *Lorrain*, 11 Ill. 633.

The county court having a general jurisdiction of unlimited
extent when adjudicating upon matters incident to the admin-
istration of estates, as liberal intendment will be granted in
its favor as to a circuit court. *Probst* v. *Meadows*, 13 Ill.
169; *Von Kettler* v. *Johnson*, 57 id. 109; *Moffit* v. *Moffit*, 69
id. 641; *Bostwick* v. *Skinner*, 80 id. 148; *People* v. *Cole*, 84
id. 327.

If it is possible for the court to have jurisdiction, it will be
presumed the state of facts existed which authorized its action.
*Wallace* v. *Cox*, 71 Ill. 548.

If the jurisdiction of the court extended over that class of
cases, it was the province of the court to determine for itself
whether that particular case was one within its jurisdiction.
*Cox* v. *Thomas*, 9 Gratt. 323.

The case of *Munroe* v. *People*, 102 Ill. 406, cited below,
has no points of similarity with this.

Mr. M. W. WEIR, Mr. W. C. KUEFFNER, and Mr. GEORGE
GREEN, for the appellee:

The citation on which the order of removal is based was
not in evidence. It must, therefore, be presumed to have
been what the order says it was,—a citation to make settle-
ment. On a citation to make settlement or show cause for

not paying a claim, an order of removal is a nullity, for want of jurisdiction. *Munroe* v. *People*, 102 Ill. 406.

Section 30 of the Administration act cited, authorizes a removal when an executor wastes or mismanages an estate. A failure to file an inventory, appraisement, accounts, or to make settlements when cited, is not a "wasting or mismanaging" of the estate, and the case before the court did not · charge these matters.

Section 113 provides that if the executor shall fail to appear in obedience to a citation to make a settlement, "the court shall order an attachment," etc., and upon his failure "to make settlement under the order of the court, after having been so attached, he may be dealt with as for contempt, and shall be forthwith removed by the court." Under this section, to authorize the removal a citation to make settlement must be issued, and failing to appear, an attachment must be issued. These are jurisdictional prerequisites.

To render a grant of administration *de bonis non* valid, the office must be vacant by death, resignation or removal of the preceding administrator. *Rambo* v. *Wright*, 32 Ala. 363; *Mathews* v. *Martin*, 37 id. 273; *Munroe* v. *People*, 102 · Ill. 406; *Creath* v. *Brent*, 3 Dana, 129.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

This is an appeal from a judgment of the Appellate Court for the Fourth District, affirming a judgment of the circuit court of St. Clair county disallowing a claim in favor of Thomas Hanifan, the appellant, as administrator *de bonis non* of the estate of Mary Hayes, deceased, against Henry M. Needles, the appellee, as administrator *de bonis non* of John Short, deceased, the proceeding having originally been commenced in the county court, from whence it was taken to the circuit court by appeal. Mary Hayes died testate some time in 1852, or thereabouts, and John Short became her execu-

tor, and the present suit is prosecuted against his estate for an alleged breach of duty as such executor.

In the view we take of this case it will not be necessary to make an extended statement of the facts, or to notice all the questions mooted by counsel in the argument. The evidence tends to show that John Short, as executor of Mary Hayes, administered certain property belonging to her estate, the proceeds of which were never accounted for by him in his lifetime, or by his legal representatives since his decease, and the present suit is brought to recover the proceeds of that property.

It is a well recognized rule of the common law that the powers and duties of an administrator *de bonis non* are limited to the administration of such effects belonging to the decedent's estate as have not already been administered by the former executor or administrator, and that consequently he has no right or authority to call on the latter, or his legal representatives in case of his decease, to account to him for the proceeds of such estate, or for its mismanagement, or for any breach of duty respecting it. In such case he or his legal representatives are liable directly to the heirs, devisees, next of kin and creditors, as their interests may be. (*Rowan* v. *Kirkpatrick et al.* 14 Ill. 8; *Newhall* v. *Turney*, id. 338.) That this is the settled law in the absence of any statutory provisions on the subject, is not denied, and that the sale, and conversion of the testatrix' property into money by Short, the proceeds of which are now sought to be recovered, was an administering of such property, within the meaning of the rule, is equally clear. (*Marsh* v. *The People*, 15 Ill. 286; *Beall* v. *New Mexico*, 16 Wall. 541.) It therefore conclusively follows, this proceeding can not be maintained on common law grounds,—and this, indeed, is not seriously, if at all, questioned. Our statute, however, has provided the county court, in certain contingencies, may revoke the letters of an executor or administrator and remove him from office, and

upon such revocation and removal appoint another in his stead; and by another provision of the statute it is expressly provided that where one is appointed to fill a vacancy caused by the removal of an executor or administrator, he may maintain any appropriate action or proceeding against such removed executor or administrator for any waste, mismanagement of, or breach of duty with respect to, the estate, occurring during the latter's administration.   Sec. 39, chap. 3, Rev. Stat. 1874.

Under the provisions of the statute just referred to, counsel for appellant claim that by an order of the county court of St. Clair county, duly made and entered of record on the 21st day of May, 1877, the letters of John Short were revoked, and that he was removed from office, and that by a subsequent order of the court appellant was duly appointed in his stead.   On the other hand, appellee insists the so-called order of revocation and removal was made by the county court without authority, and that the same, by reason thereof, was and is absolutely void, and that the said John Short continued to be the lawful and acting executor of the said Mary Hayes till the time of his death, which occurred on the 19th of June, 1877.

The order of the county court, relied on by appellant to establish the revocation of Short's letters and his removal, is in these words:

> "THE PEOPLE, etc.
>
>               *vs.*                        May 21, 1877,
>                                            citation to make
> JOHN SHORT, Executor of the estate of     settlement.
>        Mary Hayes, deceased.

"And now, on the first Monday of the term, it appearing to the court that John Short, the executor, was duly cited to appear this day in court and present his accounts of said estate for settlement as said executor; and it further appearing to the court that said executor has failed to file an

inventory and appraisement of said estate, and he has failed
to file settlements, and has failed to account for moneys that
came into his hands as such executor, and has also failed to
appear this day and make settlement of his accounts,—for
the causes aforesaid the said executor is hereby removed,
and required to account for and pay over to his successor all
moneys, and deliver up all notes and papers in his hands
and belonging to said estate, and if he fails to do so, he shall
be considered in contempt of the court."

No writ, process, citation, or other order relating to such
removal, appears in the record, and it follows if sufficient
does not appear on the face of the order, as above set forth,
to show the court had authority and jurisdiction to make
such order, the trial court properly excluded it from the con-
sideration of the jury, as it did.    Counsel for appellant
contend that sufficient appears on the face of the order to
authorize the removal, either under section 30 or 113, of
chapter 3, of the Revised Statutes of 1874.    Section 30, so
far as it is claimed to have any bearing on the question, is
as follows:    "The county court may revoke all letters testa-
mentary or of administration, granted to persons who * * *
waste or mismanage the estate, in all which cases the court
shall summon the person charged to be in default, * * * as
aforesaid, to show cause why such revocation should not be
made.    When revocation is made, the reason therefor shall
be stated at large upon the record."

It is a fundamental principle that underlies our whole
judicial fabric, that in all proceedings in courts of justice
wherein it is sought to deprive the citizen of his property,
or any right or privilege recognized by law, the party to be
affected by them is entitled to reasonable notice of the time
and place of hearing, and of the general nature or object of
such proceedings.    In conformity with this general principle
the county court has no power or jurisdiction to revoke the

letters of an executor or administrator, under the above section, until he is first cited to appear and show cause why his letters shall not be revoked. The citation in this case did not contain the slightest intimation that there was any purpose on the part of the court, or any one interested in the estate, to remove him from office. It simply directed him to appear on the first day of the next term of the court *"and present his accounts of said estate for settlement as said executor."* Nor is there any intimation in the citation that he was charged with waste or mismanagement of the estate, as contemplated by the above section of the statute. Moreover, as the order does not set forth as the ground of removal any of the causes specified in that section, as required by it, it is evident the court was not proceeding under the 30th section.

The 113th section is as follows: "The county courts of this State shall enforce the settlements of estates within the time prescribed by law, and upon the failure of an executor or administrator to make settlement at the next term of the court after the expiration of said time, the court shall order a citation to issue to the sheriff of the county where the executor or administrator resides or may be found, requiring said executor or administrator to appear at the next term of the court and make settlement of the estate, or show cause why the same is not done; and if an executor or administrator fails to appear at the time required by such citation, the court shall order an attachment requiring the sheriff of the county where the executor or administrator resides or may be found, to bring the body of said executor or administrator before the court, and upon the failure of an administrator or executor to make settlement under the order of the court after having been so attached, he may be dealt with as for contempt, and shall be forthwith removed by the court."

It is very apparent from the reading of this section that the failure of an administrator or executor to appear, in obedi-

ence to a citation, on a particular day, and settle his accounts
with the estate, affords no warrant for his removal under the
113th section.   That such is the case does not seem to be
seriously questioned; but the argument is, that the removal,
in the manner shown, was only error,—that the failure to
comply with the statute did not affect the power or jurisdic-
tion of the court to make the order, and hence the claim is,
it is binding until reversed.   The argument is unsound in
this: The county court has no power, in any case, to remove
an executor or administrator upon a mere citation to appear
and settle his accounts, as was the case here.   The power of
removal is not an incident to the proceeding under such a
citation, and hence any attempted removal was unauthorized.
The only legal consequences which attach to one's failure
to appear and make settlement of his accounts is, that he
subjects himself to an attachment, as in case of a contempt,
and in such case it is made the duty of the court to order
an attachment for his arrest, and when brought before the
court, if he still neglects or refuses to make settlement of his
accounts, the court is then required to deal with him *as for
a contempt*, and to forthwith remove him.   The removal is
required not only in the interest of the estate, but it is doubt-
less also intended as a punishment for the contempt.   To
remove one before he is attached and brought into court would
be in effect to punish him for an alleged offence he has had
no opportunity of answering, which is inconsistent with the
genius and spirit of our free institutions, as well as violative
of the organic law of the State.

It is a mistake to suppose that when one is served with
process requiring him to appear in court to answer the com-
plaining party in some particular proceeding or specified form
of action, the court thereby acquires jurisdiction over his
person for all purposes.   Such a doctrine, in a limited degree,
may have had some recognition under the ancient practice in
England of permitting a plaintiff, when he had brought his

adversary into court in a civil proceeding, to declare against him "by the by," as it was called, or in other words, to file a declaration against him for some other independent cause of action. But this practice has never obtained in this State, and has no sanction under our statute. The court's jurisdiction in any case is only coëxtensive with the particular suit or proceeding in which the defendant has been summoned to appear. To hold otherwise would lead to the gravest consequences, and might result in the grossest abuses. Suppose one is sued in debt or *assumpsit* for a trifling, but just, money demand, to which there is no legitimate defence, and he therefore fails to appear in obedience to the summons, does the court thereby obtain jurisdiction over his person in any other suit that might happen to be pending or be subsequently brought against him? Would the court in such case, without any additional notice or process, have power or jurisdiction to enter up a fine against him for some supposed contempt, or a judgment against him in some other suit in which he had not been served? Surely not; and yet, in principle, we see no substantial difference between the case in hand and the one suggested. We are clearly of opinion, under the circumstances shown, the county court had jurisdiction neither of the person nor the subject matter of inquiry in making the order of revocation and removal. The question of revoking Short's letters and removing him had never been committed by law to the court for adjudication, and therefore the court had no right or power to deliberate upon or determine it. Nor, as we have already seen, had the defendant ever been notified, in any manner whatever, that steps had or would be taken for the revocation of his letters or his removal. We think it therefore plain, on principle and authority, the court exceeded its jurisdiction in making the order. The view here expressed is fully sustained by *Munroe* v. *The People, use, etc.* 102 Ill. 406, and the reasoning of the court in that case is conclusive of this.

To the suggestion that hardships and inconveniences might, and probably would, arise under the rule here laid down, it is sufficient to say that all persons claiming through judicial proceedings must know at their peril the court had power and jurisdiction to act. All persons so claiming must necessarily take this risk, and we are unable to see any difference in this respect between the case in hand and other cases where courts exceed their jurisdiction. Moreover, these inconveniences and hardships, while they occur occasionally, are seldom so serious as apprehended. Experience shows they are largely mitigated by the principles of estoppel, limitation laws, and other causes.

The judgment will be affirmed.

*Judgment affirmed.*

SHELDON, Ch. J., and CRAIG, J., dissenting:

It is well settled by the decisions of this court that the county court has general jurisdiction over estates, that it is a court of limited but not inferior jurisdiction, and that its adjudications can not be attacked collaterally, except for want of jurisdiction. The order of removal of the executor in this case was a step in the progress of a proceeding to enforce the settlement of an estate. We consider that there was full jurisdiction of that proceeding. There certainly was jurisdiction of the subject matter, and there was jurisdiction of the person by service of the citation to appear before the court and make settlement of the estate.

There being, then, jurisdiction of the proceeding, the omission by the court of any prescribed step in the progress of the proceeding would be only error in the exercise of jurisdiction, and could only be taken advantage of in a direct proceeding to reverse. Such an error, if error it was, we regard the neglect of the court to order an attachment before making the removal, and that the order of removal of the executor having been made in the course of a proceeding for the set-

tlement of an estate, of which proceeding the court had juris-
diction, and in which such an order might be made, the order
of removal should be taken to be a valid one, and not subject
to be attacked in a collateral proceeding such as the present,
although the order might have been an erroneous one.

We do not view the executor's removal as punishment for
his contempt, but as the measure of relief accorded to those
interested in the estate, for the failure of the executor to
make settlement of it.