## Charles M. Leopold

v.

## The People of the State of Illinois.

*Partnership—Dissolution—Order to Deliver Assets to Receiver—Refusal to Appear—Practice—Contempt.*

1.   A court of chancery (except as the practice is modified by statute) primarily calls upon the conscience of the party for any information upon which it is to act.

2.   Upon an appeal from an order of court, fining a person named, for contempt in failing to appear before a master in chancery and submit to an examination in accordance with its order, this court holds that it was the duty of the trial court to adopt such measures as would prevent the dissipation of the assets in question and bring them under its control, and declines to interfere therewith.

[Opinion filed July 23, 1891.]

Appeal from the Superior Court of Cook County; the Hon. Henry M. Shepard, Judge, presiding.

Messrs. Tenney, Church & Coffeen, for appellant.

Messrs. Moses & Pam, for appellee.

Gary, J.   November 17, 1890, Henry Leopold filed in the Superior Court his bill for the dissolution of an alleged copartnership between himself and Charles M. and Rosa Leopold, making them defendants.

The same day those defendants filed their appearance and consented to the appointment of a receiver, and a receiver was then appointed, and an order entered directing the members of the firm to deliver to the receiver all of the property, books and papers in their possession belonging to the firm.

November 19, 1890, a petition was filed by persons calling themselves creditors of the firm, praying, among other things, for an order that the copartners appear before a master to be examined in reference to the state of said copartnership and its property.

No answer or rule to answer this petition is shown by the record, nor any evidence of its truth. All that appears in support of it, is an affidavit of an apparent stranger to the whole business, that it " is true to the best of his knowledge and belief."

December 5, 1890, all parties appeared, the cause came on to be heard upon that petition, and an order was entered that Henry Leopold and Charles M. Leopold appear before Stevenson, master, to whom the cause was thereby referred, for the purpose of being examined in reference to the state of said copartnership and its property, and that any creditor might participate in the examination.

After proceedings, which need not be stated in detail, the result was that the appellant, after being "admonished" by the court, and informed that if he would then obey, his past offense would be unpunished, refused to appear before the master and be examined. The court thereupon adjudged him to be in contempt, fined him $200, and he appealed.

It is quite unnecessary to consider the petition mentioned. By the appearance of the appellant and consent to the appointment of a receiver, he impliedly admitted the copartnership. There could be no members of the firm to deliver to the receiver property of the firm, unless there was a firm, and the language of the order about members and property of a firm had reference to the allegations of the bill.

The case before the court then stood in the position, without reference to the petition, of a bill for the dissolution of a copartnership, with a receiver of its assets appointed, and an order on the copartners to deliver the assets to him.

How is the court to know whether that order is obeyed? A court of chancery (except as the practice is modified by statute) primarily calls upon the conscience of the party for any information upon which it is to act. Hart v. Ten Eyck, 2 John. Ch. 513.

It was therefore common practice in appointing a receiver, more generally adopted probably in creditors' suits than any other, to require parties in possession of property to go into the hands of a receiver, to submit to an examination as to such property, before the master. High on Receivers, Sec. 415.

But the power to require such examination was not derived from the fact that the suit was a creditor's suit, but from the general "course of the court." Fuller v. Taylor, 6 N. J. Eq. 301; Hart v. Ten Eyck, 2 John. Ch. 513; 2 Dan. Ch. 1180.

Doubtless it was this power and practice that the Supreme Court had in mind in Miller v. Jones, 39 Ill. 54.

If the appellant wished to question that portion of the order permitting creditors to participate in the examination, some other course than standing in defiance of the court as to the whole order, should have been adopted. Even under the order as entered, if the old practice were followed, a creditor would only have the right to suggest to, or prepare for the master, interrogatories which the master would put or not as his judgment dictated. 2 Dan. Ch. 1181.

The same order which directed the examination, also made provision for creditors to prove their claims before the master. This in a measure took the case out of the control of the parties to the bill, and the receivership became for the benefit of whoever might be ultimately entitled to share in the assets. Jackson v. Lahee, 114 Ill. 287; 2 Bates on Partnership, Sec. 935.

It was the duty of the court to adopt such measures as would prevent the dissipation of the assets and bring them under its control.

The judgment of the Superior Court is affirmed.

*Judgment affirmed.*