## In Re Voluntary Assignment of Richart & Campbell. Exceptions to Claim of J. G. & H. F. Campbell, as Adm'rs, etc.

1. ADMINISTRATORS—*Conversion of Assets—Remedy.*—Where an administrator converts assets of the estate into money and uses the same the legal title thereto is vested in him, and the remedy for the recovery of such money by the creditors or distributees of the estate is by suit against him or upon the administrator's bond.

2. SAME—*Money Converted, Treated as Assets Administered.*—Assets of an estate converted by the administrator into money is treated as assets administered, and an administrator *de bonis non* can not maintain an action therefor upon the bond of the prior administrator who converted the same, but such prior administrator and his sureties are responsible to the creditors, distributors or heirs of the estate.

3. TRUST FUNDS—*When They Can Not be Reached.*—To maintain the right to reach and appropriate a fund or money as a trust fund it must not change its form and lose its identity as such, or be placed in such condition that it has no ear mark, signs or indication of its belonging to a specific trust.

4. SAME—*Assets Converted, Not Recoverable by the Estate.*—Where an administrator collects moneys of the estate and puts the same into a firm of which he is a member, such moneys cease to be assets of the estate, and are in no sense such a trust fund as can be recovered as a debt due the estate.

**Ass'gnment for the Benefit of Creditors.**—Claim against an insolvent firm. Appeal from the County Court of Jackson County; the Hon. M. C. CRAWFORD, County Judge of Union County, presiding. Submitted at the August term, 1894. Affirmed. Opinion filed March 23, 1895.

I. CLEMENTS and R. J. STEPHENS, attorneys for appellants.

WM. W. CLEMENS and WM. A. SCHWARTZ, attorneys for appellee.

MR. JUSTICE GREEN DELIVERED THE OPINION OF THE COURT.

The claim in controversy was filed in said County Court on December 27, 1893, against the bankrupt estate of Richart & Campbell, as a claim due the administrators of the estate of J. M. Campbell, who died in 1871; and these appellants, H. F. and J. G. Campbell, then became such administrators. H. F. Campbell was a co-partner of Richart for many years, and so remained up to, and at the time, of its failure and assignment. Exceptions to this claim were filed at the February term, 1894, of said court, by creditors of the bankrupt firm, and at the following June term thereof the issue was submitted to a jury, who, by their verdict, found against said claim, and the court entered judgment on the finding against claimants for costs, and they took this appeal.

In Re Assignment of Richart & Campbell.

It appears from the evidence that H. F. Campbell, as administrator, collected money due the estate at divers times, during a long period before 1893, and used it as his own, in the firm business of Richart & Campbell. It is not shown that Richart was informed the capital so put in the business by Campbell as his own money, came from the assets of his intestate's estate, nor does it appear that those who extended credit to the firm were in any manner advised that such was the fact. On the contrary, it appears by the evidence of H. F. Campbell, the only witness on behalf of claimants, that he did not keep any account of this money of the estate in the firm books, but in a little book in which was kept the account of the J. M. Campbell estate, showing the amount and time of receipt of each amount of estate assets collected, and in which book his co-administrator also made entries. Nor does it appear in any of the sworn reports of said administrators, from the date of their appointment, including their final report of April, 1890, filed in the County Court, that any indebtedness was charged or listed against the firm of Richart & Campbell; yet in these reports *all the assets* of the estate are included, according to the sworn statements of the appellants. Said firm continued business until August 22, 1893, and then made a general assignment of all the firm property to E. G. Mitchell, assignee, for the benefit of creditors.

The schedule of debts due creditors, as prepared and sworn to by appellant, H. F. Campbell, and his partner, did not contain any item of indebtedness to the estate of J. M. Campbell. Four months had elapsed after this assignment when, for the first time, was any claim made that the firm was indebted to said estate. We may add, also, it does not appear in this record that there are any other children or heirs of J. M. Campbell than the appellants, or that any of the debts of the estate remain unpaid. This record does not present a case where a *cestui que trust* is proceeding against his trustee, but the right to have this claim allowed is based upon the assumption that the money collected by H. F. Campbell as administrator, and by him put in as cap-

ital and so used in the regular mercantile business of Richart
& Campbell, was still a trust fund and assets of the Camp-
bell estate and could be recovered as such by the adminis-
trators of that estate. This assumption is erroneous. By
the conversion of the assets into money and using the same
the legal title thereto vested in Campbell, and the remedy
for the recovery of such money by creditors or distributees
is by suit against him or upon the administrator's bond.
Rowen v. Kirkpatrick, 14 Ill. 1; Johnson v. Maples, 49 Ill.
101; Lacock v. Oleson, 60 Ill. 30; Newhall v. Turney, 14
Ill. 338. If an administrator converts estate assets into
money and uses the same, such action operates as *devastavit*,
and the remedy is a suit upon his bond by those entitled to
receive the same or a distributive share thereof after the
payment of debts. Same authorities. Money so converted
is treated as assets administered, and an administrator *de bonis
non* can not maintain an action therefor upon the bond of
the prior administrator who converted the same, but such
prior administrator and his sureties are responsible to the
creditors, distributees or heirs of the estate. Stose v. Peo-
ple, 25 Ill. 600; Hanifan v. Needles, 108 Ill. 403.

To maintain the right to reach and appropriate a fund, or
money, as a trust fund, it must not change its form and lose
its identity as such, or be placed in such condition that it
has no ear marks, sign or indication of its belonging to a
specific trust. Howard v. Robinson, 14 Ill. App. 560,
citing Williams, Adm'r, v. Williams, 55 Wis. 300. Under
the facts in this case, and the law applicable thereto, our
opinion is, that the money collected by Campbell and put
in said firm by him then ceased to be assets of the Camp-
bell estate, and was in no sense a trust fund; nor can this
claim to recover the same as a debt due the estate be main-
tained by the administrators thereof.

There was no privity of contract between said firm and
the estate whereby a debt was created from the former to
the latter, and it was not so regarded, as appears from the
reports to the County Court before mentioned.

J. G. Campbell had access to the private book in which

collections made by H. F. Campbell were entered, and is presumed to know how much thereof was unaccounted for and converted to the use of the latter, and acquiesced therein. He is liable for the acts of his co-administrator. Marsh v. People, 15 Ill. 284. We have refrained from commenting upon the iniquity of the said claim, or the injustice that would be done the creditors by allowing it and diminishing the fund out of which they are to receive dividends, deeming the discussion of this branch of the case superfluous. We perceive no error in the rulings of the court on the admission of evidence, and while some of the instructions objected to by appellants were erroneous, yet the error in this regard ought not to reverse the judgment, inasmuch as no right to recover the claim could be maintained under the undisputed facts proven. We think the claim was properly disallowed, and the judgment is affirmed.