## Thomas B. Smith v. Charles H. Tenney.

1. CONTEMPT OF COURT—*Rights of Defendant*.—A person ought not to be summarily subjected to a fine for contempt of court and imprisonment in case of default in judgment thereof, without an opportunity to exonerate himself.

2. SAME—*Proceedings Without Notice, Void*.—There is no authority or reason in support of adjudging a person in contempt and taking from him his property, or imprisoning him, without either appearance in person or by counsel, and without notice.

3. SAME—*Fine, to Whom Paid*.—An order of court adjudging a person guilty of contempt of court, and ordering him to pay a fine, which does not state the person to whom such fine is to be paid, is void.

**Contempt of Court.**—Appeal from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the October term, 1895. Reversed. Opinion filed February 11, 1896.

MOSES, PAM & KENNEDY, attorneys for appellant.

NEWMAN, NORTHRUP & LEVINSON, attorneys for appellee.

MR. JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

The appellee was a judgment creditor of the appellant to the amount of $5,456.16, and filed his creditors bill after return of execution "no property found" and demand upon the execution defendant.

On the day the bill was filed, service of summons was had, and a receiver appointed, *ex parte*, of all the effects of appellant, and by the same order appellant was ordered to execute and deliver to the receiver an assignment of all his

property, etc., in the usual form, and to appear before a certain master and submit himself to an examination under oath concerning his property and estate; and on the same day he was served with a copy of the order appointing the receiver, and with a subpoena issued by the master, directing him to appear before the master on March 15, 1895, a date three days thereafter, and then and there to submit to such examination.

The appellant did not appear before the master, as subpoenaed to do, and the master reported the fact to the court. Thereupon the court entered a rule for appellant to show cause why he should not be punished for not so appearing.

To such rule appellant made a sworn answer, and his answer being held to be insufficient, a further order by the court was entered, to the effect that if appellant should appear before the master on March 26, 1895, and execute and deliver a deed to the receiver of all his property, and submit to an examination concerning his property, then the said rule to show cause should be discharged. Appellant not appearing in pursuance of the last mentioned order, the master reported, as shown by the abstract, as follows:

"That on Tuesday the 26th of March, 1895, at ten o'clock, he was present in his office, and was attended by S. O. Levinson, of the firm of Newman & Northrup, solicitors for complainant, for the purpose of having the defendant, T. B. Smith, execute and deliver his deed of assignment, and for the purpose of examining said defendant, T. B. Smith, concerning his property, in accordance with the order of court; that T. B. Smith did not appear at said time; that Mr. Wilhartz, of the firm of Moses, Pam & Kennedy, solicitors for the defendant T. B. Smith, appeared in person, representing Max Pam of said firm; that said Wilhartz then stated that Mr. Max Pam is the only one of the firm of Moses, Pam & Kennedy who is familiar with the matters in controversy; that Max Pam was actually engaged in the hearing of matters arising out of the insolvent estate of F. K. Morse & Son, and Morse, Mitchell & Williams, before

Judge Carter, in the County Court of Cook County; that said Max Pam was in the County Court all day on March 25, 1895; that said hearing was then adjourned until ten o'clock, March 26, 1895; that said hearing was now taking place before said Judge Carter in pursuance to said adjournment; that the engagement of Max Pam is the only reason that Mr. Smith and Max Pam, his counsel, did not appear in pursuance with the order of court. Mr. Max Pam offers, and is willing to appear before said master with the defendant, T. B. Smith, in pursuance of said order, at any time that said master orders, when he, the said Max Pam, is not engaged in the matters before his honor, Judge Carter.

Mr. Levinson then stated that at fifteen minutes past ten o'clock on the 26th day of March, 1895, Max Pam spoke to him over the telephone and told him that Mr. Smith, the defendant, had notified said Pam that it would be impossible for him to come to the master's office; that Mr. Pam further informed said Levinson, that he, Pam, was engaged in trying a case in the County Court, and that he, said Levinson, then informed said Pam that he, Levinson, would have to go on with the matter; that he has waited twenty minutes, and that the court had ordered a deed to be made at ten o'clock before the master, and that he, Levinson, would insist upon the same being done upon the attendance of Mr. Smith."

Such report was made and presented to the court on said March 26th, and on the same day the court entered an order, shown by the abstract, as follows :

" The court finds that T. B. Smith failed to appear before Master Cooper, and failed to execute a deed to the receiver; that said T. B. Smith was duly served with a true copy of the order appointing a receiver, and the order requiring T. B. Smith to show cause why he should not be punished for contempt; that T. B. Smith appeared by counsel and answered the rule; that a hearing was had upon said rule and the answer thereto, and the court found that the answer to said rule was insufficient, and thereupon allowed the said T. B. Smith until the 26th of March, 1895, at 10 A. M., in which

to appear before said master and execute a deed, as required by the previous order of said court, and to further submit to an examination concerning the property and effects of T. B. Smith; that said T. B. Smith has wholly failed to show any cause why he should not be punished for contempt for failure to appear before Master in Chancery Cooper, and for failure to submit to such examination, and for failure to execute a deed.

The court orders that said T. B. Smith be adjudged guilty of contempt of court in disregarding and disobeying process of the court, in failing to appear before said master on said 26th day of March, 1895, and execute a deed to the receiver herein, as required by the prior order of this court, and to submit to an examination concerning the property and effects of said T. B. Smith; that the said T. B. Smith pay the sum of two hundred and fifty dollars as a fine, within five days from the date of the entry of this order, to wit, within and by the 1st of April, A. D. 1895, and that if the said sum of two hundred and fifty dollars be not paid within five days, said T. B. Smith be committed to the jail of Cook county, Illinois, and confined therein until said fine is paid."

It is made to appear by a certificate of evidence, that upon the presentation to the court of said master's report last mentioned, counsel for complainant stated to the court that he notified said William Wilhartz, mentioned in said report, that he would immediately present the master's report to the court for an order thereon; that upon the application thereunder for the order that was entered the only evidence produced, offered or considered, was the said report; that upon the hearing of such application neither the appellant nor his solicitors, or attorneys, were in court, or represented by anybody; that no notice of any kind appeared to the court to have been served, or given, or was in fact given, to the defendant, or his attorney or solicitor, of such application, and that said application was made, heard and determined upon the *ex parte* showing and application of the complainant by his solicitors.

There are two plain grounds why the order of March 26, 1895, which is the order appealed from, must be reversed.

Granting that it was the duty, from what had preceded, of appellant to obey the order to deed over his property and to submit himself to an examination concerning the same, he should not have been summarily subjected to fine and imprisonment in case of default in payment thereof without an opportunity to exonerate himself.

That his excuse, as shown by his answer to the rule to show cause why he should not be punished for disobedience to the original order to turn over his property and submit himself for examination on March 15th, was insufficient in the mind of the court to exonerate him from disobedience thereto, is no ground for adjudging him in contempt, without notice or hearing, for disobedience to the last order requiring him to perform such acts on March 26th.

There was no order adjudging appellant to be guilty of contempt for disobedience to the order requiring him to appear, etc., on March 15th. There was only an order in that regard that if he should appear, etc., on March 26th, the rule that had been issued against him to appear, etc., March 15th, should be discharged.

The order, therefore, requiring appellant to appear, etc., on March 26th, was in effect a new order (or, at most, an extension of time under the first order), for disobedience to which many things subsequently occurring might have furnished him complete excuse and justification.

The fact that he had not well excused himself from performance of an order to do something eleven days before, did not in any degree operate to make him guilty of contempt on March 26th. Probably appellant might not have again set up by way of justification for disobeying the last order, the same facts which he set up, and which were held insufficient to justify his disobedience to the earlier order, still it is palpably plain that abundant other good reasons might have arisen to excuse him from appearance, etc., on March 26th, and that being so he should have had notice to appear upon the application for him to be adjudged as in contempt of that order, and should not have been punished without an opportunity to be heard.

The argument in Berkson v. People, 154 Ill. 81, is, that there is no jurisdiction to punish as for contempt without appearance of the respondent in person, or, at least, by counsel.

We know of no authority for, and can conceive of no reason in support of, adjudging a person in contempt and taking from him his property or imprisoning him, without either appearance in person, or by counsel, and without notice.

Doing so was not merely an irregularity, but was an act done without jurisdiction.

The other reason is found in the form of the order to pay the fine. It is to "pay the sum of two hundred and fifty dollars as a fine." Who is the money to be paid to? To the complainant, to the clerk, or into the registry of the court?

The answer can not be found in anything furnished by the order. This is not like the case of an order that is irregular or erroneous in part (Leopold v. People, 140 Ill. 552, same case, 41 Ill. App. 293), and should therefore be obeyed to the extent of its susceptibility of performance, and, as to the remainder, reliance be placed upon the court to modify the order, as in Tolman v. Jones, 114 Ill. 147.

But it is defective in that it is wholly incapable of performance for want of a person to pay to. In such a case it is not incumbent upon the person ordered to pay, to apply to the court to make the order an effective one as against himself.

All precedents of forms for such an order, with which we are acquainted, require the person to whom payment is to be made shall be named. 2 Beach's Modern Equity Pr. 1334-5; Stimpson v. Putnam, 41 Vt. 238 (pp. 243-4); 3 Daniell's Ch. Pl. & Pr. (star page) 2137, et seq.

We will therefore reverse the order of the Circuit Court, and it is so ordered.