FREDERICK PARKER, administrator, &c., with the will annexed of George A. Corlies, deceased, and trustee,

*v.*

WILLIAM R. STEVENS, administrator, &c., of Joseph T. Allen, deceased, et al.

[Filed November 9th, 1900.]

1. A general demurrer for want of equity need not more specifically state the grounds of demurrer where it appears, from complainants' bill, that his right to any relief is doubtful.

2. An administrator *cum testamento annexo de bonis non* has no right to bring a suit in chancery against the original executor of his testator for negligence in failing to gather in the assets of said testator.

On demurrers to bill.

---

Parker *v.* Stevens.

---

*Mr. Frederick Parker,* for the complainant.

*Messrs. Hawkins & Durand,* for the defendant William R. Stevens.

*Mr. James Steen,* for the defendant E. W. Allen.

REED, V. C.

The complainant filed this bill as administrator *de bonis non cum testamento annexo* of George A. Corlies, deceased.

Abner was one of the executors of George A. Corlies, who died in December, 1866. The complainant is his successor, and as such seeks in this suit to hold these defendants for the negligence of Abner Allen, while living, and of his representatives after his death.

The negligence consisted in failing to foreclose a mortgage held by the estate while the mortgagee remained in possession, letting the property run down, and without paying interest on the mortgage. This mortgage was foreclosed by the administrator *de bonis non,* and there was a deficiency of $11,535.99. The demurring defendants in the suit are the heirs-at-law and next of kin, and the administrators of Abner Allen; and the devisees, legatees and executors of Sarah E. Allen, a deceased heir-at-law and next of kin of Abner Allen. The other defendants have neither demurred nor answered.

The primary question is whether the complainant, as administrator *cum testamento annexo de bonis non,* has a right to pursue the original executor for his negligence in failing to gather in the assets of the testator.

In *Carrick's Administrator* v. *Carrick's Executor, 8 C. E. Gr. 364,* it was held by Chancellor Zabriskie that an administrator *de bonis non* could only administer such personal property as remained *in specie* in the form in which it existed at the death of the deceased. He held that such an administrator could not sue for money into which the original executor or administrator had converted the property of the deceased.

The cases cited in support of that view show that this was the settled doctrine of the English courts. *Carrick's Administrator*

Parker *v.* Stevens.

v. *Carrick's Executor* was cited with approval in *McDonald* v. *O'Connell, 10 Vr. 320,* and followed in *Bradway* v. *Holmes, 5 Dick. Ch. Rep. 311; Thiefes* v. *Mason, 10 Dick. Ch. Rep. 456,* and *Hartson* v. *Elden, 13 Dick. Ch. Rep. 478.*

If the first executor or administrator is not liable to the succeeding administrator for the fruits of any of the assets converted by him, he cannot upon principle be liable for a failure to collect any of the assets. The assets themselves passed to the administrator *de bonis non,* but not the right to sue his predecessor for negligent conduct in respect of them.

It was held in *Beall* v. *New Mexico, 16 Wall. 535,* that an administrator *de bonis non* could not maintain a suit upon the original administration bond.

Courts of states like our own, where the limited power of the administrator *de bonis non* is recognized, hold that, without statutory aid, the administrator *de bonis non* cannot sue the original executor or administrator for a *devastavit* whether willful or negligent.

It was held in *Williams* v. *Cubage, 36 Ark. 307,* that the former could not sue the latter for waste. In *Eubank* v. *Clark, 78 Ala. 73,* it was held that only creditors of distributees of the deceased could sue the former personal representatives for an account and settlement of the assets wasted or misapplied by him. The same rule is recognized in *Blizzard* v. *Filler, 20 Ohio 479,* and *Hanifan* v. *Needles, 108 Ill. 403.*

In connection with the last case it is to be observed that there is an Illinois statute containing provisions similar to those of sections 128 to 131 of our Orphans Court act. By those provisions the appointed successor of an executor who has been discharged for one of the causes mentioned in section 128 may bring suit against the discharged executor for a breach of trust or waste permitted in respect to the assets which shall have come to his possession.

It was held in *Hanifen* v. *Needles, supra,* and is manifest in the language of our statute that there is no such power given to the new appointee where the original officer is removed by death and not by judicial decree. It was so held in *Hartson* v. *Elden, supra.*

It is therefore quite clear that the right to sue for a *devastavit* of the deceased executor resides in the creditors of or the beneficiaries under the will of the deceased testator.

In this connection the course of legislation in this state touching this matter is not without interest.

In 1877 an act was passed (*Gen. Stat. p. 1427*) which gave to the executor or administrator of a deceased executor who died without settling his account, power to exhibit an account of the receipts and disbursements by the said executor of the assets of the estate of the testator or so much thereof as remained unsettled at the time of the death of the said executor. The statute provided that this account should be settled in the same manner as other accounts. This act was in existence when this bill was filed, but was repealed by the act of 1898. *P. L. of 1898 p. 537.*

It also appears in the bill that the administrators of Abner Allen, apparently under the power conferred by the act of 1877, filed an account in the orphans court to which exceptions were filed by certain creditors. Upon the hearing the orphans court made a decree surcharging the estate with six thousand and odd dollars on account of the *devastavit* in respect to the mortgage. Whether this decree was conclusive in respect to the amount for which the estate of Abner Allen can be held, is a question which need not now be settled. The only pertinent point being that for this or for any other losses accruing from the negligence of the executor, no suit will lie at the instance of the administrator *de bonis non.*

The demurrers in this case do not set up the inability of the administrator *de bonis non* to bring suit as one of the grounds for demurrer. The demurrer being in the usual form, of course sets up that the complainant is not entitled to any equitable relief. The query is whether, under the rule which requires that every demurrer whether general or specific shall state the particular grounds of the demurrer, this point should be considered on this argument. The construction given to this rule in *Essex Paper Co.* v. *Greacen, 18 Stew. Eq. 504,* was that only in cases where the defect in the bill is obscure or latent to such an extent that a court after inspecting the complainant's bill can readily

discern it, need a demurrant make a more explicit statement of the grounds of his demurrer than the simple statement of want of equity; that a statement of a want of equity will constitute a sufficient specification where the court finds, on looking at the complainant's bill, that his right of relief is doubtful or uncertain.

The latter statement is applicable to the present bill; for, in view of the cases in our courts which have dealt with the extent of the power of an administrator *de bonis non* to sue the original executor, a reading of the bill will at once raise a doubt of the complainant's right to any relief.

It may be further remarked that the suit cannot be retained as one brought by the complainant as trustee.

It is true that the bill states that he was appointed administrator *de bonis non,* and trustee, and that he qualified as such. The provision of the will of the testator is not disclosed in the bill, and so the power conferred upon the trustee is not apparent. Nor is there any allegation that the mortgage, touching which the neglect is charged, was ever set apart as part of the trust estate, and so was held by the executor as trustee. *Schenck* v. *Schenck, 1 C. E. Gr. 175.* There must be a decree for the demurrants.