## The People of the State of Illinois, Defendant in Error, v. Patrick Berrell, Plaintiff in Error.

### Gen. No. 25,245.

1. ˙CONTEMPT, § 70*—*when order adjudging witness guilty of criminal contempt for perjury is unjustified and indefensible.* An order of court adjudging a witness in a suit guilty of perjury, and therefore of criminal contempt, and directing his confinement to the county jail for 30 days, is without justification and is indefensible, there being no indictment nor charge of offense, no form of trial and no evidence in the record showing on what the court based its conclusion that the defendant was guilty.

2. CONSTITUTIONAL LAW, § 175*—*necessity of according opportunity to be heard to person accused of crime.* A person accused of an offense is entitled to be informed of the charge against him, and to be accorded an opportunity to be heard by himself and by counsel in exculpation of the offense charged.

Error to the Superior Court of Cook county; the Hon. JOSEPH B. DAVID, Judge, presiding. Heard in this court at the October term, 1919. Reversed. Opinion filed January 12, 1920.

CRUICE & LANGILLE, for plaintiff in error; DANIEL L. CRUICE, of counsel.

No appearance for defendant in error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Mr. Justice Holdom delivered the opinion of the court.

The People have failed to defend this writ of error. The reason is obvious; it is indefensible from whatever angle it may be viewed.

The entire record of the case is encompassed within the following order:

"It appearing to the court that the witness Patrick Berrell in the case now on trial entitled Bartley Kennett vs. Arthur F. Codozoc No. 317544 has committed wilful and deliberate perjury in the presence of this court, and has been guilty in consequence thereof of a criminal contempt.

"It is therefore ordered and adjudged that he is guilty in the contempt of court and it is adjudged that he be and he is hereby confined to the county jail of Cook county for a term of thirty days unless discharged sooner by law, and the sheriff is directed to take the prisoner into custody and keep him confined in the county jail of Cook county for a period of 30 days.

"The clerk is hereby directed to issue a mittimus embodying the order which will be a sufficient warrant to hold him in custody pursuant to the order of the court."

Such summary and arbitrary proceeding baffles credence in this twentieth century, supposedly at least an era of freedom under well-settled legal principles. In this case plaintiff in error, without any indictment or charge of offense or any form of trial, was pronounced guilty of the crime of perjury in the presence of the court, and immediately sentenced to imprisonment in the county jail. No opportunity was afforded to meet the court's charge, nor is the nature or quality of the perjury disclosed. What moved the mind of the court to the conclusion that plaintiff in error was guilty of perjury is not apparent from the record. What occurred, if anything, to impel the court to adjudge plaintiff in error guilty of contempt is nowhere set forth. The order of commitment contains all the proceedings

which the record discloses. So far as appears from the record, no evidence was heard. We are therefore not able, under these circumstances, to find justification for the court's judgment. *People v. Stone,* 181 Ill. App. 475. Such summary procedure the law will not tolerate. Every person is entitled before condemnation to be informed in some way of the offense charged against him and be accorded an opportunity to be heard by himself and by counsel in exculpation of the offense charged.

The order of commitment has no support in the record, consequently the judgment of the Superior Court is reversed.

*Reversed.*