In re Estate of William G. Bennett, Deceased.

Gen. No. 32,016.

 Opinion
filed March 26, 1928.

GOLDMAN, ALLSHOUSE & HEALY, for plaintiff in error; ROBERT G. DREFFEIN, of counsel.

WALTER T. STANTON, for defendant in error; MICHAEL W. KAVENEY, of counsel.

MR. JUSTICE MCSURELY delivered the opinion of the court.

By this writ of error the administrator of the estate of William G. Bennett, deceased, seeks the reversal of an order entered in the circuit court dismissing a proceeding whereby it was sought to hold respondent, Richard Stark, as a copartner of William G. Bennett, deceased.

From the meager abstract we gather that an order was entered in the probate court upon a citation to discover assets of the estate against Richard Stark directing him to file a partnership inventory covering a transaction known as the Van Buren street job; that respondent Stark appealed from said order to the circuit court; that the matter came on for trial in the circuit court and a jury being waived and testimony having been heard, the court found that it could not

determine whether the decedent and the respondent were copartners. The order stated that the proceedings should be brought by the administrator by a bill in equity, and it was thereupon ordered that the matter be dismissed without prejudice to the administrator to secure the accounting by proceedings in equity or otherwise. No bill of exceptions is in the record.

The argument of plaintiff in error seems to be that the probate court has jurisdiction to compel the surviving partner to account to the administrator, and that such a proceeding is in the nature of a chancery proceeding and that it is the rule that the party in whose favor a decree in chancery is entered must preserve the evidence upon which such decree is based, otherwise the decree will be reversed.

Without discussing the other points raised, it is sufficient to say that the rule requiring a party who desires to sustain a decree to furnish the evidence upon appeal does not apply to the instant case. While the proceedings are in some respects equitable in their nature, they are a special statutory proceeding. *Pick v. Diecks,* 218 Ill. App. 295. In proceedings under sections 81 and 82 of the Administration Act, Cahill's St. ch. 3, ¶¶ 82, 83, when the question of title is involved, the parties brought into court are entitled to have the facts determined by a jury. *Bates v. Lutz,* 220 Ill. App. 54. The right of trial by jury was specifically provided by the amendment of sections 81 and 82, in force July 1, 1925. Where the parties are entitled to a trial by jury, the party seeking to have an order, judgment or decree reversed must present the evidence to the reviewing court. *French v. French,* 302 Ill. 152; *Feyerabend v. Feyerabend,* 312 Ill. 559.

In the absence of a bill of exceptions we must assume that the order of the circuit court was proper, and it is affirmed.

*Affirmed.*

MATCHETT, P. J., and O'CONNOR, J., concur.