The People of the State of Illinois ex rel. Walter A. Olsen and Fred B. Houghton, Administrators De Bonis Non with the Will Annexed of the Estate of George Glauner, Deceased, Defendants in Error, v. James D. Templeman, Plaintiff in Error.

Gen. No. 35,295.

Heard in the first division of this court for the first district at the October.term, 1931. ■■■■■ Opinion filed February 29, 1932.

ALEXANDER W. JAMIESON, for plaintiff in error.

WALTER A. OLSEN and FRED B. HOUGHTON, *pro se,* for defendants in error.

MR. JUSTICE MATCHETT delivered the opinion of the court.

This writ of error was sued out by Templeman, the respondent, to secure the reversal of an order of the probate court of Cook county entered March 30, 1931, in certain proceedings brought under sections 81 and 82 of the Administration Act, Cahill's St. ch. 3, ¶¶ 82, 83 (Smith-Hurd's Ill. Rev. Stats. 1931, p. 95) and in

the estate of George Glauner. The record before us discloses that on September 24, 1928, Phillip E. Miller, as executor of said estate, filed his inventory therein, which was on that date approved by the probate court. As a result of certain proceedings thereafter brought Miller resigned, his resignation was accepted, and May 2, 1930, letters of administration *de bonis non* were issued to Fred B. Houghton and Walter A. Olsen. The letters recited the death of Glauner on August 28, 1928, testate, the appointment of Miller as executor, his resignation, leaving the estate not fully administered, and the appointment of his successors. On the same day an affidavit was filed by the administrators *de bonis non* representing that one "James D. Templeman, who was the attorney for Phillip E. Miller, former Executor of this said Estate, received from said Phillip E. Miller certain large sums of money, to-wit, more than Three Thousand Dollars ($3,000) of the assets of said Estate, and that the said James D. Templeman has converted the same to his own use and refuses to account for the same." The administrators prayed for an order citing Templeman to appear and to submit himself and his books, papers and records to an examination for the purpose of discovering assets belonging to the estate. The affidavit is verified by Walter A. Olsen and Fred B. Houghton, who say that they have subscribed to the petition and know the contents thereof, "and that the same is true in substance and in fact, except as to those matters stated to be on information and belief, and as to those matters they believe the same to be true."

May 5, 1930, a citation issued to the sheriff which recited the filing of the petition and the averment that Templeman had in his possession or under his control goods, chattels, etc., belonging to the estate which he refused to give to the administrators, due demand having been made therefor, and Templeman was there-

in notified to appear before the probate court of Cook county on May 16, 1930, "then and there to show cause, if any he has or can show why he does not turn over the goods, chattels, effects, books of accounts," etc.

The citation was returned as having been personally served on May 7, 1930. The hearing was postponed from time to time and on July 11, 1930, an order was entered reciting that the cause coming on to be heard on citation to reach assets against Templeman, the citation being regularly called for hearing and Templeman failing to appear and respond, "it is hereby ordered that an attachment issue instanter against said James D. Templeman for failure to obey the order of the Court." The attachment accordingly issued, and the sheriff returned it executed by bringing Templeman into court on July 22, 1930. The cause was continued from time to time until the February term, 1931. On February 16, 1931, the following order was entered: "The said James D. Templeman having appeared in person before this court and having rendered an account of assets of said Estate received by him and payments made by him to the executor of said Estate, and for the use of said Estate, which account in words and figures is as follows: . . . and the said account having been contested, and the Court having heard and considered all the evidence, oral and documentary, and arguments, submitted upon the hearing thereof, doth find: That said account is correct as to the matters therein contained except as to the following items:

| | |
|---|---|
| Fee allowed (10/5/28) | $100.00 |
| Settlement of all matters allowed on fee | 300.00 |
| Add to attorney's fees | 300.00 |

"The Court further finds that said James D. Templeman has received moneys of the Estate of George Glauner, deceased, in addition to the amounts set forth in the above account in the sum of Twenty-three Hun-

dred Forty ($2,340) Dollars, and for which he has not accounted to said estate, which amounts and dates thereof are as follows, to-wit: . . . It is further ordered that said James D. Templeman pay over to the administrators *de bonis non* with the will annexed to the Estate of George Glauner, deceased, the sum of Three Thousand Forty ($3,040) Dollars, within ten (10) days."

The record shows the entry of a further order on March 30, 1931, which recites that the cause came on to be heard on the return of the writ of attachment issued on July 11, 1930, to answer a charge of contempt of this court, "pursuant to a citation issued out of and under the seal of this Court on May 5th, 1930, requiring the said James D. Templeman to show cause if any he has or can show why he does not turn over the goods, chattels, effects," etc.; that thereafter on July 11, 1930, a writ of attachment issued out of and under the seal of this court against Templeman for his failure to appear in the probate court at a continued hearing of the citation to discover assets of the Estate of George Glauner, deceased, and that on July 22, 1930, Templeman was brought before the court in the custody of the sheriff of Cook county and a preliminary hearing had on the attachment, and Templeman having entered into a recognizance in open court for his appearance, and it

"Further appearing and the Court so finds that said James D. Templeman appeared in person before this Court, on, to-wit: September 24, 1930, and subsequent continued hearings had herein, and rendered to the Court an account of assets of said Estate of George Glauner, deceased, received by him, and of payments made by him to the Executor of said Estate for the use of said Estate, and the said account was contested and the Court heard and considered all the evidence, oral and documentary, and arguments, submitted upon the hearing thereof, and it

"Further appearing and the Court so finds that said hearing on said Attachment was continued from time to time from July 22, 1930, to February 16, 1931, and it

"Further appearing and the Court so finds that an order was entered by this Court on February 16, 1931, after proofs taken in open Court as aforesaid, that the said James D. Templeman pay over to the Administrators *de bonis non* with the Will annexed of said Estate of George Glauner, deceased, the sum of Three Thousand Forty ($3,040) Dollars, within ten (10) days, and it

"Further appearing and the Court so finds that the said James D. Templeman has not paid and still refuses to pay over to the Administrators *de bonis non* with the will annexed of the Estate of George Glauner, deceased, the said sum of Three Thousand Forty ($3,040) Dollars, and the Court having fully considered the same, and being fully advised in the premises, doth find that the said James D. Templeman is guilty of contempt of this Court, in this, that he has wilfully refused and failed to pay over to said Administrators *de bonis non* with the will annexed of said Estate the said sum of Three Thousand Forty ($3,040) Dollars as required by the aforesaid order of this Court entered February 16, 1931.

"It Is Therefore Ordered and Adjudged by the Court that the said James D. Templeman is guilty of contempt of this Court, in this, that he has wilfully refused and failed to pay over to the said Administrators *de bonis non* with the will annexed of the Estate of George Glauner, deceased, the sum of Three Thousand Forty ($3,040) Dollars as required by the aforesaid order of this Court entered February 16, 1931, and it is ordered and adjudged that he be committed to the County Jail of Cook county, Illinois, there to remain charged with said contempt of this Court until he shall pay over the said sum of Three Thousand Forty

($3,040) Dollars to the Administrators *de bonis non* with the will annexed of said estate, as required of him by said order of this Court entered February 16, 1931, but not for a period of longer than six months from the first day of his incarceration under this Order, or until he be released by due process of law; and that he pay the costs of this proceeding.''

The respondent contends in the first place that the order of commitment is erroneous, for the reason, as he says, that the alleged contempt was committed out of the view and hearing of the court, and the order entered without notice, rule to show cause, or appearance in person or by counsel, answer or hearing. To this point respondent has cited a number of cases, such as *Smith v. Tenney,* 62 Ill. App. 571; *People v. Berrell,* 216 Ill. App. 341; *People v. Fort Dearborn Trust & Savings Bank,* 232 Ill. App. 109; *Dinsmoor v. Bressler,* 164 Ill. 211; *Hohenadel v. Steele,* 237 Ill. 229; all of which state the elementary rule that a party should not be condemned without an opportunity to be heard on a charge of contempt not committed in the presence of the court. The record, in our opinion, does not disclose any such arbitrary action as respondent describes. On the contrary, the record shows that the citation issued in due form and was personally served upon defendant; that he appeared without objection and that as he failed to appear for a further hearing an attachment was issued which brought him personally into the presence of the court, where he gave bond for his future appearance. The record also discloses that he filed a written document in the form of an account showing his dealings with this estate; that the account was contested and that the court specifically found that he had failed to account for the sum of $3,040 which had come into his hands and which belonged to the estate. He made no objection to the order or to the finding. He prayed no appeal there-

from, nor in any manner, so far as the record discloses, did he except thereto. He was not condemned without a hearing or without due process of law, but on the contrary he was served with notice, appeared upon the hearing and failing to appear upon a continuance of the matter was actually brought into court in the custody of a sheriff. It is difficult to understand how respondent could have had fuller notice or a more complete hearing than that which was provided for in the proceedings preliminary to the entry of the order of February 16, 1931. He was present; he was heard; he submitted an accounting. The opportunity to present evidence was provided. The record fails to disclose any objection on his part or request by him for a fuller or better hearing. The order and judgment was final in its nature and settled the rights of the parties to the proceeding, but respondent did not object thereto or pray an appeal therefrom. Upon the entry of the order of February 16, a further hearing of the cause was continued until March 2, 1931, then to March 16, 1931, and again to March 30, 1931. The respondent was before the court on February 16, 1931, and was therefore charged with notice of the continuances by which the cause was postponed to March 30, 1931. He is presumed to know that the matter might be continued from day to day. He knew of the expiration of the period during which payment was to be made by him, and had knowledge, presumably, that the court would take action upon the matter on March 30. The proceeding in which he was respondent was neither an action at law nor one in equity, but was a special proceeding whereby the court is authorized to use summary methods of compelling compliance with its orders and decrees in matters of this kind and nature. The proceeding itself is somewhat in the nature of an inquisition and the citation directed that the respondent should show cause. He was not without knowledge of the nature of the proceeding but was

definitely informed of it by the language of the citation itself, and if he had entertained any doubt in the matter the order for attachment which issued to the sheriff should have removed that doubt. The reason for requiring notice and a rule to show cause in actions for contempt is to give the defendant an opportunity to show, if he can, compliance with the order. Here, the respondent had full information. He personally knew of the entry of the order and presumptively had knowledge of the time within which the sum named therein should be paid, and he knew that under the law the nature of the proceeding which he was called upon to answer was such that if he failed to comply, the sentence for contempt might follow upon the day to which the hearing was adjourned. The law did not require repeated citations or repeated notices which would inform this respondent of the nature of the charge he was called upon to meet. We conclude that the order of March 30 is not void, as respondent contends.

It is further urged that the order of February 16 is void and a nullity, and that respondent might acquit himself of the charge of contempt for a violation of it by showing such nullity. *Armour Grain Co. v. Pittsburgh, C., C. & St. L. R. Co.,* 320 Ill. 156, is cited. We do not question the law, but, as already stated, the order of February 16 was not objected to, was entered after full notice and a hearing in a matter of which the court had jurisdiction, and it is therefore not a nullity and the rule invoked is not applicable.

It is contended in the third place that in proceedings under sections 81 and 82 of the Administration Act, Cahill's St. ch. 3, ¶¶ 82, 83, it is necessary that there should be either a certificate of evidence or findings of fact in order that the court might determine upon what the order of February 16 was based. It is contended that in this respect proceedings under sections 81 and 82 are similar to proceedings in chancery, and that it is necessary that a party in whose favor a judg-

ment or decree is entered should preserve the evidence either by a certificate or by findings of fact as is necessary in chancery cases. *Hicks v. Monahan,* 209 Ill. App. 516, and *Berg v. Berg,* 223 Ill. 209, are cited and relied on, and it must be conceded that *Hicks v. Monahan* makes this contention plausible. That case was, however, decided under the former statute and before the amendments enlarging the jurisdiction of the probate court, giving it the right, where questions of title and rights of property are involved, to grant a jury trial upon the demand of either party. This court has held that even in chancery cases where the parties are entitled to a trial by jury, the party seeking to have a judgment or decree reversed must present the evidence to the reviewing court. *In re Estate of Bennett,* 248 Ill. App. 174, and cases there cited. It would therefore appear that this rule of chancery practice is no longer applicable, and if the respondent desired to attack the order of February 16, 1931, on that ground, it devolved upon him rather than upon the administrators to preserve the evidence.

The respondent further contends that the Administration Act does not permit administrators *de bonis non* to proceed by citation and attachment to collect assets already administered upon by a resigning executor and that assets squandered or misapplied by the resigning executor are under the law assets administered. His contention seems to be that sections 37 to 40 of the Administration Act, Cahill's St. ch. 3, ¶¶ 38–41, provide the manner in which administrators *de bonis non* are empowered to proceed in such cases and that they may not proceed otherwise. Respondent says that according to the rules of the common law, assets squandered or misapplied by an executor are administered, and that the remedy of the administrator *de bonis non* in such case is by suit on the bond of the administrator whom he succeeds. Respondent cites *In re Assignment of Richart & Campbell,* 58 Ill. App.

91, and *Hanifan v. Needles,* 108 Ill. 403. It would not be difficult to distinguish either one of those cases from this one. The finding here is not that the property was converted by the former executor, Miller, but that the respondent, Templeman, who acted as attorney for Miller, is guilty of such conversion. In *In re Assignment of Richart & Campbell,* the executor had collected money due to the estate and put it into a firm of which he was a member. The other members of the firm had no knowledge of the fact that the money was the property of the estate. The firm became bankrupt, and the administrator *de bonis non* filed a claim against the trustee of the bankrupt estate. The court held against the right of the claimant to recover, stating in substance that the money had ceased to be a trust fund; that the title was in Campbell, the former administrator, who had converted the assets, and that the remedy was on his bond, citing among other cases *Hanifan v. Needles,* 108 Ill. 403. The opinion pointed out that there was no privity of contract between the firm and the estate whereby a debt might have been created and that the money had lost its identity as a trust fund. If the party who received the money had known at the time he received it that it was a trust fund, a different question would have been presented and one more nearly like that which we consider here.

*Hanifan v. Needles, supra,* is a case where a county court without a writ, process, or citation relating thereto removed the executor, and the administrator *de bonis non* (the removed executor having died) filed a claim against the estate of his predecessor to recover proceeds of property belonging to the estate for which the deceased executor had never accounted, as it was alleged. The court said in substance that it was a well recognized rule of common law that the powers and duties of an administrator *de bonis non* were limited to the administration of such effects which had not been administered by its predecessor; that conse-

quently such administrator had no right or authority to call on the predecessor, or his legal representatives in case of his decease, to account to him for the proceeds of such estate, or for its mismanagement, or for any breach of duty respecting it, and that in such case the preceding executor or his legal representatives were liable directly to the heirs, devisees, next of kin and creditors, as their interest might appear. The opinion cited *Rowan v. Kirkpatrick,* 14 Ill. 1, 8, and *Newhall v. Turney,* 14 Ill. 338, and declared that such was the settled law ''in the absence of any statutory provisions on the subject,'' and that the sale and conversion of the testatrix's property into money by the former executor, amounted to an administration of such property within the meaning of the rule. *Marsh v. People,* 15 Ill. 284, and *Beall v. New Mexico,* 16 Wall. (U. S.) 535, 541, were cited.

The answer to this contention of respondent is obvious. He is not the former executor. He is the attorney of the former executor, who, as the order finds, knew that the property he received and converted to his own use belonged to the estate. The assets are so described by him in the account which he submitted in response to the citation. Sections 81 and 82 of the Administration Act, as amended, give authority to any ''persons interested in the estate'' to bring the proceedings provided for, and administrators *de bonis non* are, we think, such persons. The finding is that respondent converted the property of this estate to his own use. The proceeding was therefore not one merely for the collection of a debt, which would violate the rule announced in *Johnson v. Nelson,* 341 Ill. 119, and while it must be conceded that prior to the amendment of these sections the proceeding could not have been maintained under the rule laid down in *Moore v. Brandenburg,* 248 Ill. 232, and other cases cited, the amendment to these sections extending the jurisdiction of the probate court to cases of this kind and

granting the right of trial by jury, has removed that objection.

The respondent also contends that the court was without jurisdiction by reason of defects in the affidavit and because it was not shown in what way the administrators were interested in the estate. We think the contention is without merit, but if there was any merit in the contention the respondent waived it by submitting his account and contesting the matter.

The respondent further contends that the affidavit was insufficient to give jurisdiction because it was made upon information and belief, but these sections of the statute expressly provide that such an affidavit is sufficient. If the respondent wishes to be relieved from the burden placed upon him by the order, a speedy and efficient method is available, viz., that he turn over to this estate the money which he has so long wrongfully kept from it.

There is no reversible error in the record, and the orders complained of are affirmed.

*Affirmed.*

O'CONNOR, P. J., and McSURELY, J., concur.